ALBANY,
Oct. 1828.

Littlefield
v.
Brown.

---

LITTLEFIELD, sheriff of Erie, ads. BROWN.

In case of a voluntary escape, although the prisoner return before suit brought, the escape is not ipso facto purged as in the case of a negligent escape, but the plaintiff may prosecute for it ; he may however, affirm the defendant in prison at his suit, but such affirmation will not be presumed ; it requires some positive act ; either new process or notice

THIS was an action of *debt*, against the defendant, sheriff of Erie, for the escape of a prisoner from execution. The plaintiff, Brown, in August, 1819, obtained a judgment in the common pleas of Erie, against one Hopkins, on which a ca. sa. issued, returnable (in November, 1823, by virtue whereof, Hopkins was arrested ; and it would seem the deputy who arrested him, suffered a *voluntary* escape, previous to the return of the ca. sa. but committed the defendant to the liberties of the jail at the return of the execution. In October, 1823, the plaintiff commenced a suit against the sheriff for the escape of the defendant, which was put at issue and noticed for trial. In the winter of 1824, Hopkins having remained in custody since his commitment, discovered a defect in the *teste* of the ca. sa. and supposing it rendered him a prisoner at the plaintiff's suit. Where there is a *voluntary* escape of a defendant in execution, and a subsequent recaption or return without the authority of the plaintiff, the defendant is not a prisoner at the suit of the plaintiff, though he were locked up every night ; and not being such prisoner, there can be no escape. A suit against the sheriff for an escape, is an election on the part of the plaintiff to consider the prisoner *out* of custody ; it is the determination of the election of the plaintiff to look to the sheriff, and of course not to look to the defendant ; and during the pendency of the suit, the debtor may depart from the jail with impunity. If the plaintiff fails in his suit, he has no further remedy against the sheriff, but must pursue his remedy against the original debtor. In an action of *debt* against a sheriff, for the escape of a prisoner in execution, the plaintiff is not entitled to recover *interest* on the debt or damages for which the prisoner was committed.

dered the execution void, left the limits of the jail, and remained absent. On 12th June, 1824, this suit was commenced for the last escape. The plaintiff neglected to try the suit commenced in October, 1823, for the voluntary escape, and judgment as in case of nonsuit for not bringing the same to trial was obtained against him in August, 1825. The escape of Hopkins in the winter of 1824, and his continuance off of the limits until June, were proved. The defendant's counsel insisted, that the plaintiff was not entitled to recover ; that having commenced a suit for the voluntary escape of Hopkins, previous to his commitment to prison, he had elected to consider him not in custody ; and not having affirmed his subsequent imprisonment, he was not now at liberty to say that he was legally in custody at his suit at the time of the alleged escape, in the winter of 1824, for which this action was brought. The presiding judge overruled the objection, and directed the jury to find for the plaintiff the amount of the judgment obtained against Hopkins, with the interest of the same from the time of its rendition to the commencement of this suit. The jury found accordingly. Exceptions were taken to the opinion of the judge and direction to the jury, and a motion is now made for a new trial.

*J. A. Spencer,* for the defendant. In an action of *debt* against a sheriff for the escape of a prisoner in execution, he is answerable only for the debt and damages for which such person was committed. (1 *R. L.* 425. 2 *Johns. R.* 454. 14 *Johns. R.* 552. 2 *D. & E.* 126.) The judge therefore erred in directing the jury to allow interest.

By the suit against the sheriff for the *voluntary* escape, the plaintiff elected to affirm the defendant in the execution *out* of custody, and he could not subsequently allege that he was *in* custody, and complain of a subsequent escape. The right to recover against the sheriff, is a strictly legal right ; if the plaintiff has once made his election, and sued the sheriff, it is conclusive. (*See* 4 *Johns. R.* 469.) The first escape was *voluntary ;* the sheriff had no right to retake the defendant in the execution, and a bond for the liberties given on such recaption would have been void. (15 *Johns. R.* 256.)

Littlefield
v.
Brown.

When a voluntary escape comes to the knowledge of a plaintiff, and the defendant is subsequently committed, the plaintiff is bound to make his election, whether he will consider the defendant in custody or not.   In this case, he elected to consider him *out* of custody by suing the. sheriff, and the commencement of the suit was the.determination of his election. (13 *Johns. R.* 121.)   He could not subsequently require the sheriff to keep the defendant in custody, nor hold him answerable for his remaining a true and faithful prisoner.   He was not entitled to this double remedy.   He might sue the sheriff for the escape, and issue an execution against the property of the defendant, (8 *Johns. R.* 361,) but he could not sue the sheriff and proceed against the body of the defendant; if he issues a new ca. ca. the remedy against the sheriff is gone.   (2 *Wils.* 295.)   Without directions from the plaintiff to detain the defendant in custody on his commitment, after the voluntary escape, the sheriff was liable to an action for false imprisonment.

*G. C. Bronson,* for plaintiff.   The plaintiff is entitled to interest.   When the decision was made in *Rawson & Dole,* (2 *Johns. R.* 454,) that the sheriff was not liable to interest, interest was not recoverable on judgments; since then, the legislature have authorized its collection.   (1 *R. L.* 506.)   In an action by the sheriff on a bond for the limits, the measure of damages to which he is entitled, is the amount due in the original action, (1 *R. L.* 430, *s.* 9;) and if the rule in 2 *Johnson* is still to prevail, the sheriff will make a handsome speculation where the sum for which the defendant is committed happens to be of considerable amount.   The rule in 2 *D. & E.* is general, and applies to the existing law in relation to interest, giving the same remedy against the sheriff which the sheriff has against the debtor.

There is no evidence that there was an escape previous to that for which the action was brought; but if there was such escape, it cannot be permitted to a sheriff to allege his own misconduct as an answer to an action; to be allowed to say, I heretofore suffered a voluntary escape, and therefore you cannot maintain your action.   Such is not the mo

rality of the common law. If the plaintiff is estopped by his former suit from alleging that the defendant in the execution was *in* custody at the time of the escape alleged in the declaration in this suit, the defendant is equally estopped by his defence in that suit, in which he denied the escape. The principle of election, as applicable to these cases is, that *after a judgment* obtained in a suit for an escape, by which it is found that there has been an escape, the plaintiff shall not be permitted to say that a defendant is still in custody, and hold the sheriff responsible for his remaining a faithful prisoner; so is the decision in *Rawson & Dole.* The case in 15 *Johnson*, only determines that a sheriff will not be protected in re-taking a defendant after a voluntary escape, unless the plaintiff gives him new process. The substance of the defence here is, that a sheriff ought not to be held responsible, bec⸱⸱⸱e a former action was brought against him for an esc⸱ ⸱ ⸱⸱ough the plaintiff in that action submitted to a non ⸱⸱⸱, ⸱⸱⸱⸱ ⸱⸱ conviction that it could not be main⸱⸱ ined.

*By the Court,* SAVAGE, C. J. It was contended at the circuit and upon the argument of this case, that the plaintiff having brought a suit for a voluntary escape, had elected to consider Hopkins out of custody; and having done no act to affirm the imprisonment of Hopkins after his commitment to prison, he is now at liberty to consider Hopkins as legally in custody at his suit, when the escape took place for which this suit is prosecuted. The judge at the circuit overruled the defence, and allowed the plaintiff to recover for the amount endorsed on the ca. sa. and interest from the docketing the judgment to the commencement of this suit.

On the question of interest, the judge erred. The statute (1 *R. L.* 425, s. 9,) makes the sheriff answerable *for the debt and damages* for which the prisoner was committed. This was so decided in *Rawson* v. *Dole*, (2 *Joh⸱⸱⸱ Rep.* 454,) and in *Thomas* v. *Weed*, (14 *Johns. R.* 255,) where it is stated, that the plaintiff had his election to bring debt upon the statute and recover what the statute gives; or to bring case at common law, and recover the true amount of his damages, whatever they may be. Had case been brought, the defend-

ALBANY,
Oct. 1828.

Littlefield
v.
Brown.

ant might have shewn circumstances of mitigation, by reason of which, the plaintiff might perhaps have recovered but nominal damages. There is, therefore, no hardship in the case. The statute allowing interest on judgments, does not affect this question. The same question was determined by this court in the cause of *Bridge* v. *King*, decided in 1826. But a new trial is not necessary to give redress for this error.

It becomes necessary therefore, to examine the principal ground of defence. Did the commencement of the suit for a voluntary escape of Hopkins, determine the plaintiff's election to consider him out of custody ? If so, he was not a prisoner at the suit of the plaintiff at the time of the escape for which this suit is brought.

The ca. sa. upon which Hopkins was imprisoned, was returnable at the the 'Nov. term, 1823, of the common pleas. The writ in the action for the voluntary escape, was returnable at the October term, 1823, of this court. The escape for which this suit is brought, first took place in the winter of 1824. Between a voluntary and a negligent escape, there is a striking difference as regards the rights of the sheriff. His liabilities to the plaintiff are the same in both cases. There is, however, a difference as to the remedy. In case of a negligent escape, if the prisoner return before suit brought, the escape is purged and he is of course a prisoner again at the suit of the plaintiff. But in case of a voluntary escape, although the prisoner return before suit brought, the escape is not *ipso facto* purged as in case of a negligent escape ; but the plaintiff may prosecute for it. He may however affirm him in prison at his suit, but such affirmation will not be presumed. It requires some positive act ; either new process, or notice that the prisoner is received again as a prisoner at the plaintiff's suit. The sheriff's rights, however, in relation to the prisoner, are very different. In case of a negligent escape, the sheriff may pursue and retake the prisoner ; in case of a voluntary escape, he cannot without au-*thority* from the plaintiff : yet it seems, in case of a voluntary return of the prisoner, the sheriff may receive him into custody, but cannot detain him without the authority or as-

cent of the plaintiff. These principles, if I mistake not, are found established by the decisions of this court. The case of *Lansing* v. *Fleet*, (2 *Johns. C.* 3,) was an action by the sheriff against one of his deputies on his bond of indemnity, alleging the escape of one Hicks. Hicks had been first arrested by another deputy, (Merritt,) who voluntarily suffered him to go at large, after having been in custody about an hour. Two days after, Merritt arrested Hicks again, and delivered him to the defendant, who received him and from whom he escaped. On a verdict for the plaintiff, subject to the opinion of this court, the case was very ably discussed by *Radcliff*, *Kent* and *Benson*, justices, who differed only upon the question of what authority from the plaintiff was necessary to authorize a sheriff to detain a prisoner who submits to a recaption after a voluntary escape; *Radcliff*, justice, holding that the prisoner must be considered in prison at the suit of the plaintiff *of course*, without some positive act of the plaintiff, determining his election to proceed against the sheriff: the other justices maintaining, that without some positive authority from the plaintiff, the sheriff cannot retake or detain the prisoner; and *Kent*, justice, adopts the language of chief justice *Wilmot*, (2 *Wils.* 295,) that after a voluntary escape and voluntary return without authority from the plaintiff, he is not a prisoner at the plaintiff's suit, although locked up every night. In *Thompson* v. *Lockwood*, (15 *Johns. R.* 258,) *Spencer*, justice, says, that "the case of *Lansing* v. *Fleet*, settles the point, that after a voluntary escape, the sheriff cannot lawfully retake or detain a prisoner, unless the plaintiff in the execution shall issue a new process; nor can he detain on the surrender of the prisoner himself, unless the plaintiff in the execution does some act shewing his election to hold him on the old process." There is but one exception, which is the case of transfer from an old to a new sheriff. It is not material in this case, to consider what act on the part of the plaintiff is sufficient, after an escape, to waive the remedy against the sheriff and affirm the debtor in custody, as no such act is pretended. According to the doctrine, then, in the case of *Lansing* v. *Fleet*, Hopkins, on

the supposition that there had been a voluntary escape, and a subsequent recaption or return, without the authority of the plaintiff, was not a prisoner at the suit of the plaintiff when the escape took place which is the subject of this suit, nor had he been such prisoner at any time after the voluntary escape. The fact, however, of such voluntary escape, is not established by proof, unless the act of the plaintiff in bringing an action for such escape, is an admission on his part, that such an escape had taken place, and that he was cognizant of the fact.

The case of *Rowson* v. *Turner*, (4 *Johns. R.* 469,) proves, that when a new sheriff receives a prisoner from his predecessor, he is bound to detain him, notwithstanding a voluntary escape in the time of his predecessor. And also that a prosecution and judgment for such escape, against the former sheriff, is a bar to an action against the new sheriff for a subsequent escape. *Van Ness*, justice, who delivered the opinion of the court, says, " He, (the plaintiff) ought not to be allowed to proceed against the sheriff for the escape, and at the same time hold the prisoner in execution." In this case, the plaintiff had proceeded to judgment ; of course, the fact of the voluntary escape had been proved. In the case of *McElroy* v. *Mancius*, (13 *Johns. R.* 122,) the court, referring to the case of *Rawson* v. *Turner*, considers it as deciding that *the bringing a suit* is the determination of the plaintiff's election, which he had, either to consider the prisoner out of custody or in execution. The case of a new sheriff receiving a prisoner from his predecessor, it has been observed, is an exception to the general rule, as to the legality of his detention after a voluntary escape without authority from the plaintiff, the reasons for which need not here be stated.

From the principles established in the latter case, it follows that the bringing a suit against the sheriff, is an election on the part of the plaintiff, to consider Hopkins out of custody. It would be idle for a plaintiff to prosecute the sheriff for an escape, when in truth no escape had happened ; but is the commencement of such a suit to conclude the plaintiff? The commencement of a suit seems to be an assertion by

ALBANY,
Oct. 1828.

Littlefield
v.
Brown.

the plaintiff that a right of action exists, that an escape has taken place. It is also the determination of the election of the plaintiff, to look to the sheriff, and of course not to pursue the original defendant. But suppose the plaintiff had gone to trial in the former suit, and had failed in proving a voluntary escape, the fact would then be established that no such escape had been made; could he then maintain this action, or must he again charge Hopkins in execution? If this suit could not be maintained, it would follow, that when a suit is brought for an escape, the plaintiff affirms his debtor out of prison; and during the pendency of such suit, the debtor may depart from the gaol with impunity. If the plaintiff fails in his suit, he has no further remedy against the sheriff, but must pursue his remedy against the original debtor. Where a debtor escapes from prison, confined on execution, the plaintiff may prosecute the sheriff, and at the same time take execution against the property of the original debtor. There is no inconsistency in the two remedies; and where a party has two remedies, he may pursue both, though he can have but one satisfaction. (8 *Johns. R.* 366.) But in the case cited, this court said that in *Rawson* v. *Turner*, the election of one remedy was incompatible with the pursuit of the other, as the one remedy was upon the ground that the other had ceased. During the pendency of an action for an escape, the plaintiff may take the property, but not the person of his debtor. If he cannot take a new execution against the person of his debtor, and legally imprison him during the pendency of an action for a previous escape, it would follow, that if the debtor was so imprisoned and escaped, no action would lie. I am of opinion, therefore, that by prosecuting the sheriff for a voluntary escape, the plaintiff elected to consider Hopkins out of custody. That suit was brought before the return of the process against Hopkins. The imprisonment of Hopkins, therefore, subsequent to the commencement of that suit, could not operate in favor of the plaintiff; nor was Hopkins in truth a prisoner at the suit of the plaintiff, though, in the language of Ch. J. Wilmot, he were locked up every night: that Hopkins not be-

ing a prisoner at the suit of the plaintiff, there could be no escape; that after a prosecution for an escape, the plaintiff cannot retain the original defendant in custody upon the same process; and if he fails in that suit, he must re-commit his debtor, and a new escape must take place, before a suit can be brought against the sheriff.

New trial granted.