The judgment of the supreme court was affirmed by a vote of 12 to 7, i. e. twelve members of the court were of opinion that the judgment of that court ought to be affirmed, and seven were of opinion that the judgment ought to be reversed. No reasons were assigned by any of the members of this court in *470 favor of the affirmance, but the following dissenting opinion was delivered by the Chancellor.
“ The counsel for the defendant in error, upon the argument here supposed it to have been taken for granted on the trial, that a voluntary escape had in fact taken place previous to the commencement of the first suit; but by referring to the opinion of the supreme court, upon the granting of a new trial in this cause, after a verdict for the plaintiff, it is evident the justices of that court only came to the conclusion that the *prosecution of the sheriff as for a voluntary escape, in the first suit, was evidence against the plaintiff, in the present suit, that such an escape did in fact take place, although the escape was denied by the sheriff in his plea. It is there said by the chief justice, who delivered the opinion of the court, that the fact of the voluntary escape was not established by proof, unless the act of the plaintiff in bringing an action for such an escape was an admission, on his part, of such an escape, and that he was cognizant of the fact. See 1 Wendell, 404. That court also held that if a plaintiff sued the sheriff for an escape, and even failed in the suit, he must re-commit his debtor, and a new escape must take place before a suit can be brought against the sheriff.
From the latter part of the charge of the circuit judge, as stated in the bill of exceptions, it is evident he meant to decide in conformity with what he understood to have been the opinion of the supreme court. He therefore told the jury that the commencement of the first suit against the sheriff was an election to look to him, and was of itself, as against the plaintiff, evidence of the escape; and was such an election to consider Hopkins out of custody during the pendency of that suit that there had been no subsequent escape, and he accordingly charged the jury to find a verdict for the defendant. For the purpose then of deciding the questions which arise upon this bill of exceptions, I must take it for granted that no voluntary escape had in fact taken place, before the plaintiff brought his first suit; at which time Hopkins was in the actual custody of the sheriff under the execution ; at least, there was no evidence as to a voluntary escape, except the declaration of the plaintiff on the one hand, and the plea of the sheriff,' denying the escape, on the other.
The law appears to be well settled, that where the sheriff intentionally permits a prisoner in execution to go at large, he cannot retake him on the same execution ; but if the prisoner voluntarily returns into the custody of the sheriff after such an escape, the plaintiff has his election, either to sue the sheriff for the escape, or to affirm the prisoner in execution under the original commitment. It is, therefore, no defence to the suit against the sheriff, that the prisoner voluntarily returned and was actually in jail at the commencement of the *suit, unless the plaintiff, after such voluntary escape, and with full knowledge thereof, has done some decisive act recognizing or affirming the prisoner in custody under the execution, after such return. I am also inclined to think, though I am not aware that any decided case has yet gone that length, that where the right of election exists on the part of the plaintiff, in consequence of such voluntary escape, the mere bringing of a suit against the sheriff for the escape, after the recaption or voluntary return of the prisoner, and with a full knowledge that a voluntary escape had taken place, would of itself be such a decisive act of election to consider the defendant in the execution out of custody, as to be conclusive against him in any future controversy with the sheriff, or his successors, for a subsequent escape on the same execution. The case of Rawson v. Turner, 4 Johns. Rep. 470, only decided that an actual recovery against the former sheriff for the first escape, was decisive evidence of the election of the plaintiff, so as to bar a suit against *472 his successor for a subsequent escape. The taking out a new execution, against the body or the property of the debtor, under the statute, after a knowledge on the part of the plaintiff of such an escape, would also be such an elec tion. to consider him out of custody, as to bar an action for any subsequent es cape on the first execution. On the other hand, as the plaintiff has a right to elect to consider the defendant in execution, if he voluntarily returns after such an escape, he may recover against the sheriff or his successor for any subsequent escape, if he has done no previous act determining his election to the contrary. James v. Price, 1 Vent. Rep. 269. 3 Keble, 463, S. C. And a recovery against the new sheriff for such subsequent escape would also operate as a bar to a subsequent suit against the old sheriff for the previous escape, in his time. I think, however, the justices of the supreme court misapprehended the decision in Rawson v. Turner, and the other cases in this state, if they supposed it to have been decided in any of those cases, that the mere act of suing the sheriff, as for an escape, was evidence of an election to consider the prisoner out of custody, when there had in fact been no escape which could authorize the bringing of such action; or that the mere fact of commencing a suit for an #alleged voluntary escape was in a subsequent suit, conclusive evidence against such party that the alleged escape had actually taken place. In Rawson v. Turner, it was proved on the trial, that there had been a voluntary escape in the time of the former sheriff, as well as a recovery against such sheriff.
Where a party has inconsistent rights or remedies, he may claim or resort to the one or the other, at his election. In such cases, he is frequently bound by some decisive act of election in favor of one right or remedy from after-wards claiming the other right or pursuing the other remedy, which is inconsistent therewith. But the mere attempt to pursue a remedy to which he is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that to which he had originally a right to resort; es • pecially where he has acted under a mistake as to the facts. If Hopkins was in the actual custody of the sheriff, on the plaintiff’s execution, at the time of the commencement of the first suit, and there had been no voluntary escape previous thereto, the bringing of that action was a mere nullity, as regards the subsequent rights of the parties to this suit. It neither authorized the sheriff to discharge Hopkins from his custody, or justified him in suffering the prisoner to escape. Were the plaintiff, in such a case, estopped from considering a departure from the limits pending that suit as an escape, he would be without remedy for the recovery of his debt. If there has been no escape in fact, he can neither sue out a new execution or bring an action on the judgment; and if the bringing a suit for an alleged escape is a license to the debtor to depart from the limits, it is a discharge of the debt.
But there is another ground, in this case, which was decisive of the plaintiff’s right to recover, even if the evidence at the trial established the fact that there had been a voluntary escape at the time of the bringing of the first suit. If a voluntary escape was established, and the bringing of that suit was an election to consider Hopkins out of custody from the time of such voluntary escape, the plaintiff has done no act since that time to bar his right to recover against the defendant for the original and only legal escape which has ever occurred. He was therefore entitled to recover for that escape in the #present action. Upon the trial of the cause, it appeared that the defendant was living out of the limits at the time of the commencement of the present suit; and if the debtor had never been legally in custody since the voluntary escape, then there was but one escape, and that was of course the *473 one for which this suit was brought; for the time of the escape, as stated in the declaration, was not material. It is true another suit was then pending; but if there was only one escape, the defendant should have pleaded the pendency of the former suit in abatement. He certainly could not be permitted to give it in evidence under the general issue, in bar of the plaintiff’s right to recover; and that, too, long after the first suit had been discontinued. If there was a voluntary escape proved, and the plaintiff had elected to disaffirm the recaption by the sheriff, he should have been permitted to recover in this suit for such voluntary escape, which had never been purged ; and if there had been no escape until after January, 1824, when Hopkins was in the actual custody of the sheriff, the plaintiff should have been permitted to recover for the escape subsequent to that time. As the time of the escape as laid in the declaration was wholly immaterial, the plaintiff, under that declaration, was entitled to prove an escape at any time previous to the commencement of this suit; and this was done by showing the defendant m the execution out of the custody of the sheriff at the time this suit was brought. That evidence would carry back the escape to the time when he was last in the legal custody of the sheriff, after the arrest.
I am satisfied that the judgment of the court below is erroneous, and it should be reversed with costs ; and a venire de novo should be awarded.
On the question being put, Shall this judgment be reversed? the members of the court voted as follows :
In the affirmative—The President, The Chancellor, and Senators Dodge, Gansevoort, Seward, Sherman, and Van Sciiaick—7.
*In the negative—Senators Armstrong, Beardsley, Conklin, Cropsey, Deitz, Edwards, Fisk, Gere, Griffin, Halsey, Hubbard, and Westcott—12.
Whereupon the judgment of the supreme court was affirmed.