Daniel, J.
 

 The plaintiffs intestate issued two writs in debt against one Thomas S. Martin, who was arrested, and for want of bail was put in jail. Judgments were obtained on the said two writs against Martin, one for $1,714 72, the other for $928 62J, and costs. Martin escaped from the sheriff's custody, and the plaintiffs have brought this action of debt against the defendant, the sheriff, to recover the amount of both judgments, for his permitting the said escape. The declaration contains two counts, one for
 
 voluntarily
 
 permitting Martin to escape, contrary to the statute; the other, for
 
 negligently
 
 permitting Martin to escape, contrary to the statute.
 
 Plea
 
 — nil
 
 debet.
 
 As to the smaller judgment, there is no evidence, that the plaintiffs ever moved the court, after the rendition of the same, that Martin should stand committed in satisfaction of it. We may therefore lay so much of the case as relates to that judgment, out of our consideration, as there never was a commitment of Martin in satisfaction of it, after it was rendered ; and, of course, an action of
 
 debt,
 
 under the statute, could not be maintained against the sheriff, for Martin’s escape as to that judgment. As to the larger judgment,
 
 *707
 
 it appears, that Martin petitioned in this case to be relieved from his imprisonment, by taking the oath of insolvency. He filed his schedule of property, and the plaintiffs made up an issue of fraud as to the same in this case. On the trial of the issue, Martin was brought into court by the defendant, to see and aid in the trial of the same. The jury found the said issue against Martin; and the court thereupon immediately made the following order in that cause, in the presence of Martín and the sheriff, who then held him in custody : “It is considered and adjudged by the court, that the defendant be imprisoned, until the next term of this court, and thereafter Until he make a full and fair disclosure and surrender of his money, goods, and effects.” The judge was of opinion, that the above order of the court was a commitment of Martin in execution, for the satisfaction of the judgment, which the plaintiff had recoved against him, and in which case Martin had petitioned the court to be relieved under the insolvent law. Martin was imprisoned by the defendant, as sheriff, in close jail, subsequent to the above order; and it must be taken, that he was imprisoned under the said order, although a copy of it was not lodged by the plaintiffs with the sheriff, after it was made. The sheriff was, at the time the above order was made, in court, with Martin as his prisoner; and he must be considered, as having legal notice that the character of the imprisonment was changed by force of the above order from that for the lack of bail, to that of commitment in final execution on the said judgment. This court agrees with his Honor upon this point, for the reasons aforesaid.
 

 When a
 
 committitur
 
 is entered on the roll, it does not recite the judgment, as the defendant’s counsel insists. The prisoner is brought into court by the Marshall of the prison • then the order is entered at the foot of the judgment in the presence of the prisoner, on the said roll. And it
 
 only
 
 refers to the judgment, by stating, that he-is committed in execution for the debt and damages
 
 aforesaid,
 
 there to remain until the plaintiff be fully satisfied the said debt and damages. The entry of the
 
 committitur
 
 in the Marshall’s book, which is kept
 
 *708
 
 in the judgment office, is not essentially necesaary, although usually made; Arch. Forms, 474. The voluntary return of Martin to jail, before this action was commenced, does not prevent the plaintiffs from proceeding in debt against the sheriff, as the escape is found to be a
 
 voluntary
 
 one; and the sheriff had no power, as such, to retake or detain the prisoner.
 
 Littlefield v. Brown,
 
 1 Wend. 398. 2 Wils. 295. The plaintiffs might have affirmed the prisoner in prison at his suit;but such affirmation will- not be,presumed; it requires some positive act;
 
 Ibidem.
 

 The jury found a verdict in favor of the plaintiffs ; and-they found also that the defendant voluntarily permitted Martin to escape from his jail; and they further found in the said verdict, that the defendant doth owe $-; a sum covering both judgments, interest and costs, with interest up to the day of trial. This verdict was rendered, subject to certain points of law, which had been reserved by the court during the trial. The court, in deciding the reserved questions of law, was of opinion, that as the plaintiffs were entitled to recover against the sheriff for the escape, only the amount of the larger judgment, on which Martin had been ordered in execution, he could not have judgment for that sum, although the verdict was rendered subject to the opinion of the court as aforesaid, and although the plaintiff agreed to remit all the said verdict down to that
 
 sum.
 
 The court said, that as the plaintiffs in their counts demanded, as their debt under the statute, the amount of both judgments they had against Martin, and had failed on the trial, in shewing that they were entitled to demand any thing for the lesser judgment, they in law, could not have judgment against the sheriff for the amount of the one, on which Martin was in jail on execution, and was by the sheriff voluntarily permitted to escape, and he set aside the verdict and nonsuited the plaintiffs; who therefore appealed. On this point, we think that his Honor erred; and that the plaintiff, on remitting the verdict the amount only of his larges judgment against Martin, was entitled to have had a judgment in this action against ifie defendant for that sum. If an
 
 *709
 
 action of debt is brought oil a single bond, a judgment, or for a penalty in a statute or on a bond, the precise sum must be set out in the declaration, and the verdict must agree with that sum,* for if a recovery oí more or less were allowed, there would be a variance between the
 
 allegata
 
 and
 
 probata,
 
 and the declaration would convey to the defendant no information of the cause of action. But in the action oí debt, the exact sum is notin all cases to be recovered ; for if, from the nature of the demand, the true debt is uncertain, the sum may be set forth in the writ and declaration large enough to cover the real debt, and there shall be a verdict according to the truth and judgment thereon. It is to be observed, that this action of debt, by force of the statute, is on the judgments, but is a demand for so much money, as the plaintiffs have lost by the escape of their debtor, who was in custody under two several comonittiturs, made by the court, as the declaration alleges, on two several judgments against the debtor. The case is, therefore, like debt on two several bonds, in which each must certainly be described in the declaration correctly. But it is not essential to the recovery on one of them, that a recovery should also be effected on the other. It is not a question of pleading in itself, but merely a question of agreement or variance between the demands described in the pleadings and those given in evidence. There may be a recovery on one, if proved as laid,'and not on the other, because not proved as laid. For there is no surprize on the defendant nor any discrepancy in the record. The only objection to such a declaration is duplicity, and that is a defect, which can be taken advantage oí by special demurrer.
 
 Hancock
 
 v.
 
 Prowd,
 
 1 Saund. 336. Mansel on Demurrer, 2. The sum demanded in the' declaration is large enough to cover the sums due on both executions; but the plaintiff on the trial failing to prove that his debtor was in execution on one oí the said judgments is not a reason, we think why he should not have a verdict and judgment for so much of his demand as the other judgment against the debtor called for, on which the said debtor was committed in execution, and the defendant thereafter permit
 
 *710
 
 ted him to escape.
 
 Dowd
 
 v.
 
 Seawell,
 
 3 Dev. 185. We are ~°f opinion that the judgment of nonsuit must be reversed, and a judgment rendered for the plaintiff for $1,714 72. This could be done by modifying the verdict according to the agreement for taking it, subject to the opinion of the court. But it is not necessary to do so, as the plaintiffs, offer to remit the excess, and that is the simple mode.
 

 We are of opinion, from several decided cases in New York on statutes similar to our own, that the plaintiffs cannot have interest by way of damages after the date of the judgment against Martin, although he might have had interest against Martin himself, up to the payment of the judgment.
 
 Thomas v. Weed,
 
 14 John. Rep. 255. 2 Johns. Rep. 453, 454. 1 Wendell, 401.
 

 We have not thought it necessary to enquire whether each of the several opinions given by his Honor, as to what constitutes voluntary escapes, be correct or not; as the jury have expressly found that
 
 “
 
 the several escapes complained of were voluntary,” and there can be no doubt, that an escape from the jail “by the connivance of the sheriff” is a voluntary escape, as well as suffering the prisoner to go out of the actual custody of the sheriff to a tippling house in a different direction from the prison, at his liberty, instead of taking him to prison.
 

 The judgment of nonsuit must be reversed, and a judgment rendered for the plaintiffs according to this opinion.
 

 Per Curiam, Judgment accordingly.