## MORRIS *v*. REXFORD.

Upon a bargain and sale of goods for cash, the vendee took possession, but failing to make payment, the vendor obtained a redelivery of his goods by writ of replevin: *Held*, a disaffirmance of the sale, and evidence in bar of a subsequent action for the purchase money.

The vendor having elected the one remedy, his right to pursue the other is extinguished.

The pendency of the action of replevin need not be pleaded in abatement, the causes of action not being the same, but wholly inconsistent.

APPEAL·from the Supreme Court. The action, which was brought before the Code, was assumpsit for goods sold and delivered. Plea, the general issue. On the trial before Mᵣ. Justice BACON, at the Herkimer Circuit, the plaintiff proved that he was the owner of two boat loads of oats at the city of New York. He negotiated for the sale of them with the defendant and one Campbell, and sold them to one or the other; the plaintiff's evidence tending to prove a sale to the defendant, and that, on the part of the defendant

a sale to Campbell, under an arrangement by which the defendant was to assist him in paying for them. The oats were unloaded and placed under the control of Campbell, a portion at the storehouse of Chadbourne & Lambert, in Brooklyn, the remainder at the storehouse of Lane & Metlar, in New York. Campbell became sick immediately after the oats were thus deposited. The plaintiff called on the defendant for payment, and also on Campbell. The defendant declined paying anything without seeing Campbell, and after the lapse of about two weeks, the plaintiff brought two actions of replevin for the oats. One of them was against the defendant, Campbell, Chadbourne & Lambert; the other against the defendant, Campbell, Lane & Metlar. The defendant offered in evidence the writs of replevin and the proceedings under them, in bar of the plaintiff's action, and as evidence that there had been no sale and legal delivery of the oats. The plaintiff objecting, the judge admitted the evidence, " as a circumstance to go to the jury, to show that there was no sale and delivery of the oats, but for no other purpose ;" and the defendant took an exception. It was then proved that the writ for the oats deposited with Chadbourne & Lambert was executed by the sheriff of Kings, who redelivered that portion to the plaintiff. There was no return upon the other writ, issued to the sheriff of New York, but it bore an indorsement, signed by the sheriff, " suit settled and discontinued." The defendant offered to prove that this writ had also been executed by the delivery of the oats mentioned therein to the plaintiff. The judge excluded the evidence, and the defendant excepted. It did not appear, otherwise than as above stated, what further proceedings were had in either of the replevin suits. The judge charged the jury that the issuing the writs of replevin was a circumstance tending to show that there was no sale and delivery of the oats, and that Morris did not consider that he had parted with the ownership of them, but not establishing that there was no sale and delivery; and the

proceedings as to the writs of replevin, though affording a presumption as to the construction the plaintiff put upon the transaction, is not inconsistent with the claim made by him in this suit. To each portion of this charge the defendant excepted. The plaintiff had a verdict and judgment, which having been affirmed at general term in the fifth district, the defendant appealed to this court.

*Nicholas Hill*, for the appellant.

*Rufus W. Peckham*, for the respondent.

COMSTOCK, J. The question of fact chiefly litigated at the trial was whether the plaintiff sold the oats to the defendant or to one Campbell, both of those persons having been engaged in the negotiation. That question was left to the jury, and their verdict in the plaintiff's favor necessarily determined that the defendant was the purchaser. So far, there is nothing for this court to review.

Another question raised at the trial was not, in my opinion, properly presented to the jury. It was claimed on the part of the defendant that the replevin suits commenced by the plaintiff for the specific recovery of the oats amounted to a disaffirmance of the sale, and were therefore a bar to the present action for the price of the same property. On one of those writs, a part of the oats in question were taken and redelivered to the plaintiff. The defendant offered to prove that the remaining part were, in like manner, taken and redelivered under the other writ. But this evidence was rejected, and the proof that the replevin suits were commenced was received and allowed to go to the jury only as having a circumstantial bearing upon the question of fact whether there had been " a sale and delivery" of the goods. In delivering · his charge, the judge instructed the jury that the replevin suits were a " circumstance" tending to show that there was no sale and delivery, and that the plaintiff did not

intend to part with the ownership of the oats. In another connection he charged that those suits were not inconsistent with the present action, and did not necessarily disaffirm the sale. In short, the jury were not, in any possible view of the case, instructed or allowed to consider the actions of replevin and the seizure and redelivery of the oats as a positive disaffirmance of the contract.

I consider it a proposition plain in principle and sanctioned by authority, that a vendor may reclaim his goods after delivery upon a sale for immediate payment, if the vendee, on getting the property into his possession, refuses to make the payment. If there be no term of credit expressed or implied in the dealing, the delivery in such cases is deemed to be conditional and subject to revocation, on the refusal or failure of the purchaser to pay the price. In the language of Justice PLATT (*Palmer* v. *Hand*, 13 *John.*, 435), " there is no doubt that upon a contract to sell goods, where no credit is stipulated for, the vendor has a lien, so that if the goods be actually delivered to the vendee, and upon demand then made he refuses to pay, the property is not changed, and the vendor may lawfully take the goods as his own, because the delivery was conditional." So in *Haggerty* v. *Palmer* (6 *John.*, *Ch. R.*, 437), where goods were sold at auction, to be paid for in approved indorsed notes at four and six months, and the custom was to deliver the goods to the buyer when called for, and afterwards to send for the notes, it was held, that on failure to furnish the notes when called for, the prior delivery of the goods might be revoked and the property reclaimed. The purchaser, in such case, it was said, took the goods conditionally, and upon a trust for the seller until the payment was made according to the contract. (*Keeler* v. *Field*, 1 *Paige* 312; *Fletcher* v. *Cole*, 23 *Verm.*, 114; *Ryder* v. *Hathaway*, 21 *Pick.*, 298.)

In the present case, so far as the evidence on the trial discloses, there was nothing in the terms of the sale or in the circumstances of the delivery suggesting the idea of a credit

given for the price. The agreement was to sell and deliver at a stipulated price per bushel, and no credit was mentioned in the negotiation or the contract. The oats were measured and were delivered as the purchaser directed. The plaintiff clearly had a right to demand immediate payment, and in case of refusal to reclaim his property. It also appears that immediately after the sale and within the next few days, he in fact made several ineffectual requests for payment, both of the defendant and of Campbell, but he did not assert his right of retaking the goods until after a delay of some two weeks. Campbell, it seems, had been taken sick, and Rex ford must see Campbell. I do not intend to express any opinion upon the question whether there was such delay and acquiescence in the purchaser's possession of the property as amounted to a waiver, on the part of the vendor, of the condition on which the delivery had been made. If that question had been submitted to the consideration of the jury, under proper instructions, they, perhaps, might have found, that the plaintiff, at the time he sued out the writs of replevin, had relinquished all right to the property, and concluded to rely solely on the purchaser's obligation to pay. The facts bearing upon this point are very indistinctly presented in the Case. It is enough to observe, that as the case appears, we cannot lay it down as a legal proposition that the delivery had become absolute and the right to reclaim the property lost, at the time when the plaintiff caused it to be seized and redelivered to himself.

If, then, the plaintiff had a right to disaffirm the delivery, that right was effectually asserted by the issuing of writs of replevin and by causing the property to be taken and delivered on those writs. That the property was so taken and delivered was shown to be true in regard to one of the writs, and proof of the same fact was offered in regard to the other. These proceedings on the part of the plaintiff amounted plainly to an election between inconsistent remedies; and if the right of election existed, the effect was to

confine him to the remedy which he then preferred and adopted. A vendor of goods on a sale and delivery upon cash terms, if he fails to get payment, may consider the delivery absolute and rely on the responsibility of the vendee, or he may disaffirm and reclaim his property. But he cannot do both of these things. The remedies are not concurrent, and the choice between them once being made, the right to follow the other is forever gone. The law tolerates no such absurdity as a seizure of goods by a person claiming that he has never sold them, and an action by the same person, founded on the sale and delivery of the same goods, for the recovery of the price. In peculiar circumstances a party may take either one of these courses, but having rightfully made his choice, the right to follow the other is extinct and gone. (*Littlefield* v. *Brown*, 1 *Wend.*, 404; *S. C.*, 7 *id.*, 454; 11 *id.*, 467; *McElroy* v. *Mancius*, 13 *John.*, 121; *Sanger* v. *Wood*, 3 *John. Ch. R.*, 416, 422; *Junkins* v. *Simpson*, 2 *Shepley*, 364; *Butler* v. *Miller*, 1 *Comst.*, 496.)

The cause should be tried according to the principles which have been laid down. The acts of the plaintiff in demanding the goods and retaking them by writs of replevin were not a circumstance merely bearing upon the general question of sale and delivery, about which there was no doubt, but they were an election of one remedy to the entire exclusion of the other. If it shall appear on another trial that no such right of election existed, then the replevin suits will have no effect at all upon the present controversy, and the plaintiff will be entitled to recover, provided the jury shall again find that the defendant was the purchaser. If, on the other hand, it shall appear that the plaintiff did not lose his right to retake the property, on the failure of the purchaser to pay the price, the choice of remedy which he adopted will be a bar to the present action. The doctrine of pleading the pendency of a former suit in abatement has no application to the case. The suits are not for the same cause, but are founded on totally inconsistent causes

What effect a final recovery in the present suit may have upon the replevin need not now be considered, further than to observe that such a recovery will necessarily determine that the prior actions of replevin are not maintainable. That point will be adjudged because the plaintiff can recover in this suit only on the ground that when he elected to sue in replevin for the goods he had parted with them absolutely.

The judgment must be reversed and a new trial granted.

SELDEN and ALLEN, Js., did not sit in the case.

Judgment reversed and new trial granted.