CHARLES F. MATTLAGE, APPELLANT, v. JOHN E. POOLE, RESPONDENT, IMPLEADED WITH ANN O'DONOGHUE.

*Sale to undisclosed agent — suit against both principal and agent — not an election on the part of the seller to hold the principal.*

This action was brought against both principal and agent to recover the price for goods sold to the agent, who promised payment without disclosing his principal, for whom they were bought and by whom they were used. The principal was served, but did not appear.

*Held,* that the act of the plaintiff in suing both, no judgment having been entered therein, did not constitute an election to hold the principal and discharge the agent, and that the complaint was improperly dismissed as to the latter.

APPEAL from a judgment in favor of the defendant Poole, entered upon an order dismissing the complaint as to him.

This action was brought against John E. Poole and Ann O'Donoghue, jointly, for a bill of goods amounting to $105.93, purchased by said Poole in his own name, and without disclosing to the plaintiff that he was purchasing the said goods for the defendant, Ann O'Donoghue. The complaint alleged that O'Donoghue received and used said goods in her business, and that the defendant Poole was her agent in the purchase and use of the same. The summons and complaint were served on John E. Poole on the 6th day of September, 1876, who duly ap-

peared and answered on the 19th day of September, 1876. And on the 24th day of July, 1877, the summons and complaint were served upon Ann O'Donoghue, who neither appeared nor answered, but judgment has not been entered against her. The action was brought to trial at the October term of the Saratoga Circuit, in 1877, before Mr. Justice LANDON, without a jury. The defendant Poole, by his attorney, thereupon admitted in open court the facts set forth in the plaintiff's complaint, and the case was submitted to said court as follows, viz: "That if the complaint stated a cause of action against the defendant Poole judgment may pass against him, otherwise not." The complaint was dismissed, and judgment rendered against the plaintiff for costs.

*F. B. Benton*, for the appellant.

*J. M. Andrews, Jr.*, for the respondent.

BOCKES, J.:

This appeal is from a judgment dismissing the complaint as to the defendant Poole. The action was brought against both principal and agent on an alleged sale of goods to the agent. In the complaint it is averred that the plaintiff sold and delivered the goods to the defendant Poole, who promised payment without disclosing his agency. It is also further averred that the goods were purchased for the defendant O'Donoghue, and that they came to her use in her business. On the trial, it was stipulated that if the complaint stated a cause of action against Poole, the agent, judgment should pass against him for the amount claimed. This stipulation should be construed, in connection with the fact stated in the case, that O'Donoghue, the principal, had been served with the summons and complaint and had omitted to appear and defend. Thus the action was against principal and agent; and so it appears from the averments in the complaint, with the admitted fact that O'Donoghue was duly served with the summons and complaint.

Now, according to the averments in the complaint, Poole, the agent, was liable originally, inasmuch as it is stated that he pur-

chased the property and promised payment without disclosing his agency. So, too, a right of recovery existed against O'Donoghue, the principal, when discovered; but the plaintiff, while he might elect which of them he would hold responsible, could not have a recovery against both. (*Meeker* v. *Claghorn*, 44 N. Y., 349.) In the case in hand, the plaintiff, the vendor, had, according to the statement in the complaint, an undoubted option as to which he would hold liable for the goods sold. Both principal and agent were equally responsible to him. The question then is, whether it appears that he had made a binding selection of the principal, O'Donoghue, as his debtor. Had he proceeded to judgment against the latter on the claim, he would be held concluded by his election. (*Curtis* v. *Williamson*, 11 Eng. Rep. [Moak's notes], 149, and *Priestly* v. *Ferrie*, there cited.) But will a proceeding at law on the claim, short of judgment, be conclusive of an election?. This question was considered in the cases last cited, and it was there decided that whilst a judgment against principal or agent, even without satisfaction, would constitute a conclusive election, yet that no legal proceeding short of judgment would have that effect. So Judge OAKLEY said in *Nason* v. *Cockroft* (3 Duer, 368, 369), when speaking to this point, that it was clear that the mere commencement of a suit against the principal would not discharge the agent. The remark of the court in *Beymer* v. *Bonsall* (79 Penn., 298, 300), is, perhaps, too strong. It is there said that the agent, being already liable on his contract, can be discharged only by satisfaction of it by himself or another. According to the authorities, then, the commencement of this action against O'Donoghue, the principal, no judgment having been entered against her, does not bar the plaintiff's action against Poole, the agent. The plaintiff may discontinue against O'Donoghue. Strike her name from the complaint, and there remains an undoubted right of action against Poole. Again, how can it be maintained that the plaintiff, by proceeding in this action against both Poole and O'Donoghue jointly, elected to accept either as his sole debtor? If the commencement of the action discharged one, in like manner would it also discharge the other. It is manifest that there was no actual intent to discharge either; and it is certain that there has

been no act on the part of the plaintiff, which in law has concluded him in his option. I think the complaint was improperly dismissed against Poole. This conclusion is not in conflict with the decision in *Rawson* v. *Turner* (4 Johns., 469), and similar cases. (See *Dash* v. *Van Kleeck*, 7 Johns., 477; *Jackson* v. *Bartlett*, 8 id., 366; *McElroy* v. *Mancius*, 13 id., 121, 122; *Littlefield* v. *Brown*, 1 Wend., 398; *Same Case*, under title *Brown* v. *Littlefield*, 7 id., 454; also, 11 id., 467.) As was said in one of the cases cited, the decisions in these cases were based upon the fact that the election of one remedy was incompatible with the pursuit of the other, as the *one remedy was upon the ground that the other had ceased.*

Judgment should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide the event.