Field agt. Bland.

# COURT OF APPEALS.

RICHARD FIELD agt. JOHN B. BLAND and another.

*Sale and delivery of chattels — Election of remedies — Confession of judgment — Evidence.*

Where, after the goods had gone into the possession of the defendant, the plaintiff accepted from her a confession of judgment for the whole value thereof, and after the facts now alleged to show conversion of the property were known to him, he issued an execution for its enforcement and collected a part thereof:

*Held*, that plaintiff, by accepting the judgment and taking out and enforcing his execution, must be deemed to have made his election to treat the goods as the property of the defendant under a sale by himself, and he cannot afterwards change his ground to that of wrongful taking and conversion.

*May*, 1880.

THIS was a motion to vacate an order of arrest, issued on affidavits alleging that plaintiff, in October, 1878, delivered a quantity of goods consisting of pistols, opera glasses, jewelry, musical and mathematical instruments, &c., to the defendant's wife, to sell at her store on commission; that she, about April, 1879, with her husband's assistance, packed up and stored her goods, without plaintiff's knowledge or consent, and refused to return them on demand.

Defendant moved on affidavits alleging that the defendant's wife purchased the goods outright, as was evidenced by bills delivered at the time the goods were delivered; and further alleging that after the goods were delivered, defendant's wife confessed a judgment for $3,000, the value, at plaintiff's request, on which confession judgment was entered on December 24, 1878; and that on the afternoon of April 26, 1879, after knowing of the breaking up of the store and all the facts relied on to show the alleged conversion, the plaintiff

issued execution and collected over $400 on the judgment. The defendant claimed the confession of judgment was conclusive evidence that the transaction was a sale and delivery of goods, and that in any event the issuing of an execution with knowledge of all the facts alleged to show a conversion, was an election of plaintiff's remedy, and this action could not be maintained.

Plaintiff claimed the judgment was only intended as a collateral security. Justice LAWRENCE denied a motion to vacate the order of arrest, and on appeal the general term affirmed the order. On appeal to the court of appeals the order was reversed, with costs, the following being the opinion "*in extenso:*"

*M. M. Budlong*, for appellant.

*A. Kling*, for respondent.

DANFORTH, *J.*— The order for the arrest of John B. Bland, one of the defendants, was granted upon the ground that the defendants had wrongfully taken and converted certain personal property of the plaintiff. The affidavits on which the order was granted, were to the effect that the goods had been intrusted to Susan Bland, upon her agreement that she, with the aid of her husband, John B. Bland, would sell them for the plaintiff and account for the proceeds; that instead of doing so, they had secreted and taken them away.

A case was made out authorizing the order, and although upon the motion to vacate it, the facts on which it rested were denied, we should find in such denial no ground for interfering except for the circumstance next to be considered. After the goods had gone into the possession of the defendant, Susan, and on the 28th of December, 1878, the plaintiff accepted from her a confession of judgment for the whole value thereof and after the facts now alleged to show conversion of the property were known to him, and on the 26th day of April,

Field agt. Bland.

1879, he issued an execution for its enforcement and collected about $400, part thereof.

The statement upon which the judgment was entered, described the property now in question, declares that it was "sold and delivered" to the defendant, Susan, and that for its value $3,000, she is indebted to the plaintiff. It is true that the plaintiff in opposing this action declares that the judgment was taken as security merely. But this is not only in direct opposition to the statement, but the judgment has been, as before observed, enforced by him to some extent, and no proceedings have been taken to amend or correct the statement upon which the judgment was entered. Under these circumstances I think it should be held conclusive against the plaintiff as to the fact in issue; otherwise a means would be provided by which the statute (*Code of Civil Procedure, tit.* 11, *secs.* 1273, 1274), permitting judgments to be taken by confession could be easily evaded and a door opened to the perpetration of the grossest frauds.

The plaintiff, by accepting the judgment and taking out and enforcing his execution, must be deemed to have made his election to treat the goods as the property of the defendant, under a sale by himself (*Morris* agt. *Rexford*, 18 *N. Y.*, 557; *Bank of Beloit* agt. *Beale*, 34, *N. Y.*, 477), and he cannot now change his ground.

The order appealed from should be reversed and motion to vacate the order of arrest granted, with costs.

All concur.