| 96  | 543 |
| 113 | 958 |
| 113 | 960 |

CASE 89—PETITION ORDINARY—FEBRUARY 5.

# Valz v. First National Bank of Birmingham.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. PARTNERSHIP—FORMER ADJUDICATION.—Where one of two partners, after the dissolution of the partnership, executes a note in the firm name for a partnership debt, and judgment is rendered against him thereon, the other partner defeating a recovery against him by a plea of *non est factum* that judgment is not a bar to an action against the latter upon the debt for which the note was given. The plaintiff, by

Valz v. First National Bank of Birmingham.

prosecuting the action on the note to a conclusion under the plea of *non est factum*, does not waive his right of action on the original debt.

2. A PLEA OF THE STATUTE OF LIMITATIONS OF ANOTHER STATE is not good unless such allegations are made as to the terms and provisions of the statute relied on as show that by it the action is barred.

3. SAME.—In the absence of a plea which shows the action is barred by the laws of the State where the cause of action accrued, the statute of this State must govern.

4. LIMITATION.—As there is no plea that the statute of this State would bar the right to recover, it could not be made available. Besides, as this is an action upon an account for an overdraft in bank, and was brought within five years after the cause of action accrued, it would not be barred under the statute of this State if it were pleaded.

5. AUTHORITY OF PARTNER—The evidence is sufficient to support the finding of the lower court that the partner who made the overdraft in bank sued for had authority from the firm to do so.

IRA JULIAN FOR APPELLANT.

1. The partner, Commotto, had no authority to bind appellant by borrowing money, or overdrawing the firm's bank account which is the most dangerous method of borrowing. (4 Dana, 375; Bates on Partnership, secs 370, 371; Lindley on Partnership, p. 273; Judge v. Brassfield, 13 Bush, 76.)

Appellant's liability can not be affected by the alleged *custom* of contractors to overdraw their bank account, he being a non-resident and having no knowledge of such a custom. (Bates on Partnership, sec. 427; Smith v. Rice, 56 Ala, 417; M. & M. Ry. Co. v. Jay, 61 Ala., 247; Leachman v. Marshall, 47 Ala., 362; Castleman v. Insurance Co., 14 Bush, 201.)

2. Plaintiff by prosecuting its action on the note to a conclusion, after Valz's plea of *non est factum* had been filed, elected its remedy on the note and waived its right of action on the account for the overdraft. (Chitty on Pleading (16th ed.), vol. 1, pp. 220, 221, 229, 234; Herman on Estoppel, sec. 111; Wait's Practice, vol. 1, p. 723; Civil Code, secs. 85, 113; Morris v. Rexford, 18 N. Y., 556; Bonny v. Reardin, &c, 6 Bush, 34; Dragoo v. Levi, 2 Duv. 520; First Nat. Bank of Covington v. Gaines, 87 Ky., 598.)

3. The statute of limitations of the State of Alabama applies, and by that statute the action is barred. Plaintiff has not shown facts sufficient to avoid that statute. (Civil Code of Alabama, vol. 1, secs. 2618, 2636; Gen. Stats., chap. 71, art. 4, sec. 19; Selden v. Preston, 11 Bush, 198; O'Bannon v. O'Bannon, MS. Op., 1877; Lee v. Leachman, 22 Ala, 462; Labatt, &c., v. Smith, &c., 83 Ky., 604.)

BULLITT & SHIELD FOR APPELLEE.

1. As the account sued on was not involved in the previous litigation on

the note, the judgment in that action is not a bar to this action on the account, (Kemper v. Miller, 10 Ky. Law Rep., 241; L. & N. R. Co. v. Jones, 13 Ky. Law Rep., 542; Central Pass. R. Co. v. Wahle, *Idem*, 463; Graves v. Graves, 12 Ky. Law Rep., 796.)

2. Where judgment has been rendered against one of two partners upon a firm note given for an account against the firm, that judgment is not a bar to an action against the other partner upon the account, he having repudiated his liability on the note. (Brozee v. Poyntz, 3 B. M., 178; Daniel v. Toney, 2 Met., 523; Calk v. Orear, 2 B. M., 420; Dodd v. Bishop, 30 La. Ann., 1178; Lindley on Partnership, 450, 451; Price v. Cameron, 7 Rich., 114; Lee v. Fontaine, 44 Am. Dec., 505; Mullin v. Simpkinson, 10 Ky. Law Rep., 281; Doniphan & Smoot v. Gill, 1 B. M., 199.)

3. If the statute of limitations of the State of Alabama applies, the action is not barred, because the absence of Valz from the State protected us from the plea of limitation. (Huss v. Central R. Co., 66 Ala., 472; Wright v. Strauss, 73 Ala., 227; Minniece v. Jeter, 65 Ala., 222; Write v. Preston, 55 Ala., 507; Struggs v. Orm, 46 Ala., 533; Coleman v. Holmes, 44 Ala., 120.)

If the statutes of Kentucky apply, then the action is not barred, because it was brought within the five years; and, further, the statutes of Kentucky were not pleaded, and, therefore, can not be relied on. (3 J. J. Mar., 368, 374; 7 J. J. Mar., 542; 5 Dana, 82; 4 B Mon., 276; 1 Bush, 509; 2 Bush, 556; 5 Bush, 86; Templeton v. Sharp, 10 Ky. Law Rep., 501.)

JOHN W. RODMAN ON SAME SIDE.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant Valz and one Commotto were partners under the firm name of Commotto & Valz, in a single venture, the erection of the masonry for a bridge at a point in Alabama near the city of Birmingham. To perform the work under the contract required the expenditure in materials and labor of several thousand dollars.

As managing partner, Commotto opened an account in the firm name with the appellee. The work began in the fall of 1886. Commotto & Valz were paid monthly, but in order to meet the weekly pay rolls

and to carry on the enterprise, it was necessary to overdraw their account at the bank. Their account was overdrawn in January, 1887, six hundred and eighty-nine dollars and eighty-nine cents. On the first day of March, 1887, there was paid on the overdraft the sum of sixty-nine dollars and thirty-nine cents, leaving a balance due of six hundred and nineteen dollars and fifty cents, for which Commotto, after the completion of the work, executed to the appellee the firm's note.

Suit was brought on the note against Commotto and appellant. Appellant pleaded *non est factum*, and the judgment of the court sustained the plea. Judgment was taken against Commotto on the note. This action is brought against appellant on account for the overdraft. A number of pleas were interposed—

First. That the partner, Commotto, had no authority to make the overdraft.

Second. Former adjudication.

Third. Estoppel.

Fourth. Limitation.

We will consider these pleas in the order stated.

The proof conduced to show that Commotto had authority to do whatever was necessary to carry on the work, and that to carry it on it was necessary to overdraw the firm's bank account; and that the appellant had access to and did examine the bank account of the firm with appellee, and made no objection to nor raised any question as to the correctness thereof, or as to the right of his partner to overdraw. The proof shows that the money obtained was used for the benefit of the firm. The law and facts having been

Valz v. First National Bank of Birmingham.

submitted to the court, and the court having found that the partner, Commotto, had authority to make the overdraft, we could not disturb his judgment on that account.

It is insisted that the prosecution of the action on the note to a conclusion under appellant's plea of *non est factum* waived its right of action on the account for the overdraft, and, therefore, there has been a former adjudication, which is relied upon as an estoppel against appellee's right to recover on the account.

In arguing this question counsel insists that the doctrine of election of remedies is applicable. We do not agree with counsel on this question, or that the authorities which he cites on this point are applicable to the question in this case. We do not feel it necessary to notice in this opinion all the authorities thus cited.

Morris v. Rexford, 18 N. Y., 556, is cited. In that case there was a bargain and sale of goods for cash; the vendee took possession, but failed to pay; the vendor obtained a re-delivery of his goods by writ of replevin. This was held to be a disaffirmance of the sale, and a bar to a subsequent action for the purchase money. Certainly the court did right in holding that an action by which a re-delivery of the goods was obtained was a bar to an action for the purchase money. When the vendor disaffirmed the contract and obtained a judgment of the court sustaining his action, he could not be permitted to reaffirm it and recover the purchase money. To have held otherwise, the vendor would

have engaged in a very beneficial contract, the result of which would have been to give him the goods, and also the purchase money.    In that case the vendor had two causes of action—the one to affirm the sale and sue for the purchase money, or to disaffirm it and sue for the goods.    Of course, when he made the election and recovered on the one cause of action the judgment thus obtained was a bar to the other cause of action.

In the case at bar the appellee had but one cause of action, which was upon the account for the overdraft, and that cause was not merged by the execution of the note, as the partners could not bind appellant by a note which was executed without appellant's consent after the completion of the work undertaken by the firm.

The case of the First National Bank of Covington v. Gaines, 87 Ky., 598, does not sustain appellant's contention.    That was an action to recover on a note which purported to have been executed by all the parties bound on the original notes, of which the notes in suit were intended to be in renewal, when some of the sureties on the original notes pleaded *non est factum* to the renewal notes.    The court held in that case that as the plaintiff had gone to trial to recover on the notes purporting to be renewal notes, they could not recover on the original notes, because the action was not based on them, and there was no prayer to recover thereon.

This court has held in a number of cases where one partner, after the dissolution of the partnership, executed a note in the firm name for a partnership

debt, and the other partner interposed a plea of *non est factum* in an action to recover on the note, and the plea was sustained, that, although a judgment had been taken against the partner executing the note, the partner who pleaded *non est factum* was still liable on the partnership debt for which the note was executed, and a recovery could be had against such partner thereon. The execution of the note by Commotto, and the recovery against him thereon, does not bar appellee's right to recover on the account for overdraft. (Brozee v. Poyntz, 3 B. M., 178 ; Calk v. Orear, 2 B. M., 420 ; Doniphan, &c., v. Gill, 1 B. M., 199 ; Daniel v. Toney, 2 Met., 523.)

The appellant attempts to plead the statute of limitation of the State of Alabama, which is not sufficiently done.

It is alleged that the overdraft, if made, was in Alabama, and more than three years had elapsed since plaintiff's alleged cause of action accrued, and he pleads and relies upon the statute of limitation of that State in such cases made and provided.

There is no allegation as to the terms and provisions of the statute of Alabama; there are no allegations which authorize the court to conclude that the plaintiff's right of action was barred because the action was not instituted within three years after the cause of action accrued.

In the absence of a plea which shows the action is barred by the laws of Alabama, we hold that it is governed by the laws of this State. As there is no plea that the statute of this State would bar the right

to recover, it could not be made available. Besides, the record shows the action was brought within five years after the cause of action accrued.

Judgment affirmed.