### SEYMOUR v. WARREN et al.

#### (Supreme Court, Trial Term, Queens County. May, 1905.)

**1. CONTRACTS—RESCISSION—FRAUD—DAMAGES.**

Where plaintiff rescinded a contract for the care of her property, by which defendants agreed to pay her $75 monthly, and took the property out of defendants' control, she thereby lost her right of action for damages for defendants' breach of contract in refusing to longer pay more than $50 per month.

**2. SAME—DAMAGES.**

Where a contract for the care of plaintiff's property provided for payment of $75 per month, without fixing the day of the month for payment, such payment was not due until the end of the month, so that plaintiff, having rescinded the contract in the middle of a particular month, could not recover the payment for that month.

**3. SAME—VOLUNTARY PAYMENT.**

Where plaintiff voluntarily paid a certain sum for taxes, which a contract with defendants for the management of her property required to be paid by defendants, she could not recover such payment from them.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Money Paid, § 13; vol. 39, Cent. Dig. Payment, § 265.]

Action by Cornelia Seymour against Walter H. Warren and others. On motion by plaintiff for new trial after dismissal of the complaint at the close of her evidence. Denied.

See 83 N. Y. Supp. 871; 75 N. Y. Supp. 903.

The defendants took charge of the plaintiff's land under a written agreement with her that they should have such charge from March 26, 1897, to May 1, 1900, and that during that time they should collect and have all the rents, should keep the premises in repair, pay all taxes, interest on mortgages, and other charges, and pay the plaintiff $75 a month net, beginning May 1, 1897.

The defendants failed to pay the next two years' taxes, and then in January, 1899, made the proposition to the plaintiff that she should reduce the said monthly payment of $75 to $50, and also pay one year's taxes, and they the other. She assented to pay one year's taxes, but refused to reduce the said monthly payment. She thereupon paid one year's taxes and the defendant paid the other.

The defendants having paid said monthly payment of $75 for January, 1899, and informed the plaintiff that they would not pay the said $75, but only $50, monthly thereafter (which the plaintiff claims their words and conduct amounted to, in effect), the plaintiff in the middle of February, 1899, demanded of and took the property out of the charge of the defendants and into her own.

Blandy, Mooney & Shipman, for plaintiff.
James J. Allen, for defendants.

GAYNOR, J. After taking the property away from the defendants and into her own charge, the plaintiff collected the rents, paid the charges for the rest of the contract term, and having also

charged the defendants with the $75 a month which they agreed to pay her, claims that they are liable to her for the deficiency as damages for their breach of the contract in refusing to continue to pay her the said $75 a month. By taking the property away from the defendants and into her own charge the plaintiff rescinded the contract, and thereby lost her right of action for damages for the breach by the defendants. Morris v. Rexford, 18 N. Y. 552; Kinney v. Kiernan, 49 N. Y. 164; Graves v. White, 87 N. Y. 463; McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St.. Rep. 793; Eames Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986.

Counsel for the plaintiff now claims that at all events the monthly payment of $75 for February, 1899, had already accrued before the plaintiff ended the contract; and that the $440 she paid for the year's taxes was also then due to her and is recoverable in this. action.

No such point or claim was made for plaintiff on the motion to dismiss, and that would suffice for not entertaining it now. But, in addition, the $75 was not due at the recission, which was in the middle of February. The contract did not fix a day in the month for its payment, and hence it was not due until the end of the month. And as to the $440, it was voluntarily paid by the plaintiff in variation or change of the contract, and cannot be recovered back. Oregon Pac. R. Co. v. Forrest, 128 N. Y. 90, 28 N. E.. 137.

Inasmuch as no monthly payment was due at the time the plaintiff took the property away from the defendants, there is a question whether there was any breach by them.

The motion for a new trial is denied.