Martin v. Wirts.

## JOSEPH H. MARTIN

### v.

## JACOB C. WIRTS ET AL.

11 567
66 297

1. REPLEVIN — PLEA OF PROPERTY IN DEFENDANT — BURDEN OF PROOF.—Where a plea of property in defendant or in a stranger is filed to a declaration in replevin, it casts the burden upon the plaintiff of proving, by a preponderance of evidence, property in himself.

2. PROPERTY IN HANDS OF AN ASSIGNEE.—If the goods in question passed to the purchaser by the sale and delivery, then the title to such property became vested in the assignee of such purchaser by his assignment for the benefit of his creditors, and plaintiffs must overcome this *prima facie* ownership by showing that the sale was for cash on delivery, or that they were induced to part with the property by the fraud of the purchaser.

3. SALE FOR CASH.—Mere evidence that it was understood by seller and purchaser that the sale was to be for cash, without evidence that the seller, at the time of delivering the goods, exacted payment or attached any other condition to the delivery, is insufficient to overcome the *prima facie* case of an unconditional delivery.

4. UNCONDITIONAL DELIVERY.—Where there is an absolute and unconditional delivery of goods sold, without exacting the performance of any condition precedent, the vendor will be presumed to have abandoned the security he had provided, and to have elected to trust to the personal security of the vendee.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion upon rehearing filed October 26, 1882.

This was an action of replevin in the court below, brought by appellees, Wirts and Scholle, against the appellant Martin, for divers articles of furniture, which the former had sold and delivered to one Henry M. Lincoln. To the declaration which contained counts in the *cepit* and *detinet*, there were pleas of *non cepit*, *non detinet*, property in the defendant, also property in one David Sinton. On the trial before the court, without a jury, evidence was given tending to prove that April 26, 1881, the said Lincoln who was about fitting up a restaurant in Chicago, went to Wirts and Scholle, who were dealers in furniture, to purchase goods of them for his restaurant; that the articles desired by him were specified, and prices understood; that Wirts and Scholle did not have on hand the required quantity, but were to have them manufactured as soon as practicable; that the latter sent the goods to Lincoln's place, from time to time and delivered them, the last delivery being on the 6th of July, 1881; that on July 7, 1881, the sellers sent their bill for the goods to Lincoln's place of business, by their collector, who did not see Lincoln himself, but saw his cashier, to whom the bill was presented; that the latter said, if the bill was all right, it would be attended to and a

Martin v. Wirts.

check sent for the amount; that on the 9th, same month, the collector called again; did not see Lincoln, but his cashier said the bill was all right, and Mr. Lincoln would send a check at once; that no check having been sent, and one of the sellers having met Lincoln in the street, about the 12th, same month, asked him to pay the bill, which Lincoln recognized as his duty, by saying he was coming right down to pay it, but instead of doing so, he, on the next day, made a general assignment of all his property to the defendant Martin, for the benefit of his (Lincoln's) creditors; that Martin gave the bond required by the statute, and took possession and control of the assigned property, including that purchased by Lincoln from Wirts and Scholle in question in this suit.    The evidence tended to show that, at the time of the making the bargains for the sale of the furniture, it was understood by the parties that it was to be a cash transaction; further than that, there was no evidence tending to show specifically that the payment of the purchase price, at the time of delivery, was to be a condition of the sale.

There was no evidence tending to show that the sellers, or either of them, at any time during the several acts of delivery, exacted of Lincoln the performance of such condition, or attached any other condition to the delivery, or made any declaration in that behalf.    And, aside from the facts that the sellers sent their bill to Lincoln's place of business for collection, the next day after the delivery was completed, and then again three days thereafter, and that one of the sellers requested payment of Lincoln personally six days thereafter, and the latter promised to make immediate payment, there was no evidence tending to rebut the presumption of a waiver of such condition by an absolute and unconditional delivery of the goods.

The court below found the property in the goods in the plaintiffs, and the defendants guilty; and, overruling the defendant's motion for new trial, gave judgment for plaintiffs, from which the defendant appealed to this court.

Mr. CLARENCE A. KNIGHT, for the rehearing petition for appellant; that an unconditional delivery is a waiver of a con-

ition precedent, cited Marston v. Baldwin, 17 Mass. 605; Carleton v. Sumner, 4 Pick. 516; Upton v. Sturbridge Cotton Mills, 111 Mass. 452; Freeman v. Nicols, 116 Mass. 309; Goodwin v. R. R. Co. 111 Mass. 487; Haskins v. Warren, 115 Mass. 514; Farlow v. Ellis, 15 Gray, 229; Smith v. Dennis, 6 Pick. 262; Furness v. Hand, 8 Wend. 247; Lupin v. Marie, 6 Wend. 77; Haswell v. Hunt, 5 T. R. 221; Hogan v. Sturt, 24 Wend. 459; Chapman v. Lathrop, 6 Cow. 110; Morgan v. Powers, 66 Barb. 38; Russell v. Minor, 22 Wend. 662; Ward v. Shaw, 7 Wend. 565; People v. Haynes, 14 Wend. 565; Smith v. Lyons, 5 N. Y. 44; Ives v. Humphreys, 1 E. D. Smith, 197; Sweet v. Lynes, 1 Seld. 41; Smith v. Squire, 1 Seld. 41; Welsh v. Bell, 32 Pa. St. 17; Barnes v. Burk, 13 Pa. St. 146; Farley v. Mason, 6 Md. 37; Webster v. George, 78 Ill. 230; M. C. R. R. Co. v. Phillips, 60 Ill. 192; McNail v. Zeigler, 68 Ill. 229; Jordan v. Easter, 2 Bradwell, 73.

Replevin could not be maintained without a demand: Johnson v. Prussing, 4 Bradwell, 577; Simmons v. Jenkins, 26 Ill. 482; Jessup v. Miller, 2 Abb. Ct. App. 449; Hall v. Robinson, 2 N. Y. 293.

McAllister, J. Upon a hearing of this case at a former term, we decided to affirm the judgment below. A petition for a rehearing was thereupon presented which required a reconsideration of the case, with the view of testing the correctness of that decision. The rehearing was granted, and now, upon a third examination of the evidence in the record, and consideration of its effect, it is the conclusion of a majority of the court that the judgment below ought to be reversed, and the case sent back for a new trial, for reasons which we will state as briefly as possible. There being a plea of property in defendant, also in a stranger, the *onus* now rests upon plaintiffs of proving, by a preponderance of testimony, their property in the goods replevied, and their right to the possession thereof, at the time of bringing the suit. It appeared upon the trial, by undisputed evidence, that the plaintiff had made a sale and delivery of the goods in question to one Henry M. Lincoln, from whom the defendant derived title by a voluntary assignment, for the benefit of Lin-

Martin v. Wirts.

coln's creditors.   If the property in the goods passed out of
the plaintiffs and became vested in Lincoln, by the sale and
delivery of the goods to him by the plaintiffs, then such prop-
erty became vested in defendant under Lincoln's assignment
of all his property to defendant.   Now, to overcome such
*prima facie* case against the plaintiffs, it was incumbent on
them to show, by a preponderance of evidence, either that
Lincoln induced them to make such sale and delivery to him
by means of false and fraudulen t representations, or that he
purchased them, with a preconceived design at the time of
purchase, of not paying for them; or that the sale was upon
the condition of the goods being paid for on delivery, and
that such condition had not been performed by the buyer or
waived by the sellers.   There was, however, no evidence tend-
ing to support the theory of fraud on the part of Lincoln, in
either of the respects above suggested.   Upon the theory of
the sale being upon the condition that the purchase price
should be paid on delivery, there is simply the evidence of
one of the plaintiffs, and not contradicted by Lincoln, that it
was understood between the parties, at the time of the bar-
gain, that it was to be a cash transaction.

But there is no evidence tending to show that the plaintiffs,
at any of the times when delivering the goods to Lincoln,
exacted of him performance of the condition of payment, or
attached any other condition to the delivery; or that either
of the parties made any declaration or suggestion in regard to
any such condition.   Under this state of the evidence, and
the plaintiffs being subject to the *onus probandi*, we must
hold that the delivery was absolute and unconditional; and
that by such absolute and unconditional delivery the plaintiffs
must be presumed to have waived the condition by which
they would have retained the property in their goods until
payment of the price, and to have elected to trust to the per-
sonal responsibility of the buyer.   The cases involving these
questions are numerous, but we shall refer to but two, they
containing the proper results of the others.   In Sweet v.
Lynes, 1 Selden, 41, the general doctrine deduced from
the other cases there cited is stated thus:   Where goods are

sold on condition of being paid for on delivery, in cash or commercial paper, or on condition of the seller receiving on delivery security for payment, an absolute and unconditional delivery of the goods by the vendor, without exacting, at the time of delivery, a performance of the condition, or attaching any other condition to the delivery, is a waiver of the condition of the sale, and a complete title passes to the purchaser, if there is no fraudulent contrivance on the part of the latter to obtain possession.

Where there is a condition precedent attached to a contract of sale and delivery, the property does not vest in the vendee on delivery, until he performs the condition, or the seller waives it. An absolute and unconditional delivery is regarded as a waiver of the condition. By an absolute delivery, without exacting the performance of the condition, the vendor is presumed to have abandoned the security he had provided for the payment of the purchase money, and to have elected to trust to the personal security of the vendee. Whether the delivery is absolute or conditional, must depend upon the intent of the parties at the time the goods are delivered, which is a question of fact for the jury. In Osborne v. Gantz, 60 N. Y. 540, the rules are stated thus: "An absolute delivery of property to the vendee without a demand of the purchase-money is presumptive evidence of the waiver of the condition of present payment, and of a lien upon the property, and of a willingness to give credit to the personal responsibility of the buyer. The presumption may be rebutted by the acts and declarations of the parties, or by the circumstances of the case. An express declaration of an intention to insist upon the performance of the condition, and a lien upon the goods, is not necessary. The intent may be inferred from the acts of the parties and circumstances of the case, and it is a question of fact for the jury."

While recognizing the above views of the law as correct, still it is the opinion of a majority of the court that the case is wanting in the requisite facts and circumstances to rebut the presumption of a waiver of the condition in question, arising from the absolute and unconditional delivery by the plaintiffs

Martin v. Wirts.

of the goods.   The fact that the plaintiffs sent their bill for the goods to Lincoln's place of business for payment, on the day next following that on which the delivery was completed, and then again three days after such delivery, and the fact that some six days after the delivery one of plaintiffs met Lincoln in the street and there asked him for the amount of the bill, and the fact that the latter then and there promised immediate payment, are the only facts relied upon to rebut the presumption of a waiver of the condition.   Those facts, it seems to us, whether taken singly or collectively, are entirely consistent with such waiver by, and an election on the part of the sellers to trust to the buyer's personal responsibility. If consistent with the intention to waive such condition and trust to the buyer's personal responsibility, how can such facts have a tendency to rebut the presumption of such waiver and election arising from the absolute and unconditional delivery of the goods to the buyer?   It would be just as much a *cash* transaction, only the seller trusted to the buyer's personal responsibility, instead of retaining a hold upon the property.

It does not seem to us that the case was tried upon the theory that the presumption of waiver might be so overcome. If it had been shown that the bill presented contained a statement of the condition, or that Mr. Wirts affirmed it at the conversation he had with Lincoln on the street, and Lincoln had then expressly or impliedly admitted it, then there would have been some evidence, as in the case of Draper v. Jones, 11 Barbour, 263.   But there was nothing of the kind.   We think the verdict was unsupported by the evidence, and for that reason must reverse the judgment.

Reversed and remanded.

WILSON J., dissenting.   I am wholly unable to concur in opinion with the majority of the court.   The evidence, in my judgment, clearly negatives the assumption that by such a delivery as is here shown, appellees intended to waive their lien upon the goods.   An express declaration of an intention to insist upon the performance of the condition and to claim the lien upon the goods, which is implied in every sale for cash, is

not necessary. As is said in Osborne v. Gantz, " the intent may be inferred from the acts of the parties and circumstances of the case, and it is a question of fact for the jury." Here the court below, sitting in the place of a jury, has found that there was no intention to waive, and, as it seems to me, this finding is supported by every fact and circumstance in the case. The goods were delivered in installments. The last lot was delivered July 6th, and on the very next morning, as soon as the bill could reasonably be made out, it was sent to Lincoln's place of business, with demand for payment. From thence onward, Wirts & Co. continued to press for the money, until Lincoln suddenly transferred the goods to the defendant by assignment. The utmost that can rightfully be claimed by the appellant, on the question as to whether Wirts & Co. intended to waive their lien, is that it is a close one under the evidence. This being so, for us to now disturb the finding of the court below, on a pure question of fact, is not only to depart from our own constantly reiterated rule, but also to disregard the settled doctrine of the Supreme Court.

By the transfer of the goods, Lincoln was guilty of an unlawful conversion of the property, and the defendant, by receiving and holding them, became a party to the wrong. Where goods are tortiously taken or received, no demand is necessary before suit brought.

I am therefore of opinion that the judgment ought to be affirmed.