## R. A. Wells v. The Merle and Heaney Manufacturing Company.

1. SALES—*Failure to Pay on Delivery—Replevin.*—Where personal property, other than commercial paper, is sold by contract, for cash to be paid on delivery, the delivery and payment are concurrent acts, and if the goods are put into the possession of the buyer in expectation that he

will immediately pay the price and he does not, the seller may regard the delivery as conditional and replevy the goods.

2. WAIVER—*Of Payment on Delivery.*—The question as to whether there has been a waiver of payment on delivery of goods is one for the determination of the jury.

3. FIXTURES—*What are Not.*—A combined counter and show case sold to a merchant for cash on delivery as between him and the vendor does not become a fixture because it is fastened to the walls and floor of the building by nails and screws.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

## STATEMENT OF THE CASE.

By an agreement in writing, dated April 4, 1893, appellee undertook to make for appellant, and place and set up in the store on the corner of North Clark and Diversey streets, Chicago, by May 1, 1893, certain fixtures for said store in consideration of the sum of $1,000, to be paid by appellant, one-third of that amount on delivery of the fixtures, and the balance by his note, payable at four months with interest at seven per cent per annum. No part of the fixtures had been delivered by May 1, 1893. About the 15th of that month a first delivery of a part of the fixtures was made, and all were delivered before the close of June, except a combined counter and show case, which was not delivered till the 19th of July. All of the fixtures were placed in position by July 20th, and were secured to the walls and floor of the store with screws and nails. As the fixtures were placed in the store, they were appropriated to the uses for which they were intended. On the 15th of July, James J. Mullen, secretary of the appellee, called on Mr. Wells in reference to a settlement. Mr. Mullen testified: "Mr. Wells had then made an assignment. Wells said to me: ' You put your goods in place and we will make a settlement.' We hadn't the entire work completed, and he insisted that we complete the job, and we did complete it; then I called upon him and wanted him to carry out his agreement, and he refused to do it. He refused to give me

any money, refused to give me any satisfaction or settlement
of any kind. I made a demand on him for the money.
When he would not give me that, I made a demand on him
for the goods; he refused to give me the goods, and we then
swore out the writ of replevin and got the goods back. This
interview was on the day we swore out the writ or the day
before. (The writ was taken out July 21st.) When the
demand was made the goods were in place, complete in every
detail. No money has been paid me or the company on
these goods."

It is insisted by appellant that when demand was made
on him, Edgar L. Wells, as appellant's vendee, was in
possession of the store, and was there represented by Clar-
ence S. Wells, a druggist, in his employ as manager of the
business. Appellant claims to have sold the store, fixtures,
good will and lease to Edgar L. Wells June 17, 1893, and
that Clarence S. became manager for Edgar L. between the
17th and 20th of that month. Prior to the sale Clarence
S. had managed the drug business for appellant.

Appellant, Edgar L., and Clarence S. Wells are brothers.
June 27, 1893, appellee's secretary, Mr. Mullen, saw a notice
in the newspapers that appellant had made an assignment
for the benefit of his creditors. July 21st appellee replevied
the property.

MATTHEW P. BRADY, attorney for appellant.

Whether upon a sale of chattels the title passes to the
vendee depends upon the intention of the parties, to be
gathered from the contract, the subject-matter, the acts of
the parties, and the attending circumstances. 2 Schouler
on Personal Property (2d Ed.), Sec. 277; Callaghan v. Myers,
89 Ill. 566; Graff v. Fitch, 58 Ill. 373; Vehmeyer v. Earl
et al., 22 Ill. App. 522.

In case of a conditional sale of goods for cash, a delivery,
apparently unrestricted, is a waiver of the condition that
payment is to be made before the title passes. Martin v.
Wirts, 11 Brad. 567; Bell v. Farrar, 41 Ill. 400; 2 Schouler
on Per. Prop. (2d Ed.), Sec. 303; West v. Platt, 127 Mass.

373; Upton v. Sturbridge Cotton Mills, 111 Mass. 446; Haskins v. Warren, 115 Mass. 514; Freeman et al. v. Nichols, 116 Mass. 309; Smith v. Dennie, 6 Pick. 262; Peabody v. McGuire, 79 Me. 572; Pitts v. Owen, 9 Wis. 152.

For the recovery of fixtures annexed to a building the action of replevin can not be maintained.    Brown v. Wallis, 115 Mass. 156; O'Brien v. Kusterer, 27 Mich. 289; McAuliffe v. Mann, 37 Mich. 539; Congregational Society, etc., v. Fleming, 11 Iowa, 533.

CUTTING, CASTLE & WILLIAMS, attorneys for appellee.

A vendor may reclaim his goods after delivery upon a sale for immediate payment if the vendor, on getting the property into his possession, refuses to make payment.    If there is no term of credit expressed or implied in the dealing, the delivery in such cases is deemed to be conditional and subject to revocation on the refusal or failure of the purchaser to pay the price.    Morris v. Rexford, 18 N. Y. 552; Palmer v. Hand, 13 Johns. 435; Marston v. Baldwin, 17 Mass. 256; Keller v. Field, 1 Paige Ch. 312; Fletcher v. Cole, 23 Vt. 114; Herschorn v. Canney, 98 Mass. 149; Adams v. O'Connor, 100 Mass. 515; Canadian Bank v. McCrea, 106 Ill. 281; Ames v. Moir, 130 Ill. 582.

There was no delivery of the fixtures until they were all completed and set in position.    Russell v. Minor, 22 Wend. 659.

In a sale of personal property to be paid for by cash, or by note on delivery, the payment of the money or the giving of the note is a condition precedent, and until this is done or waived the title does not pass from the vendor. Seed v. Lord, 66 Me. 580; Stone v. Perry, 60 Me. 50; Whitney v. Eaton, 15 Gray, 225.

In a conditional sale the mere fact of delivery, without a performance by the purchaser of the terms and conditions of sale, and without anything being said about the condition, although it may afford presumptive evidence of an absolute delivery and of a waiver of the condition, yet it may be controlled and explained, and is not necessarily an absolute

delivery, or a waiver of the condition; but whether so or not, is a question of fact, to be ascertained from the testimony. Seed v. Lord, 66 Me. 580; Stone v. Perry, 60 Me. 51; Farlow v. Ellis, 15 Gray, 229; Hammet v. Linnemann, 48 N. Y. 399; Smith v. Lynes, 5 N. Y. 43.

Such waiver may be proved either directly or inferentially from circumstances, like any other fact. It may be proved by express declaration, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage, or by a course of acts and conduct, or by so neglecting and failing to act as to induce a belief that it was his intention and purpose to waive. Peabody v. Maguire, 79 Me. 572.

The intervention of six days between delivery and demand has been held not to constitute a waiver of the condition. Bauendahl v. Horr, 7 Blatch. 548.

To the same effect, where even a longer time elapsed, see Harrison Machine Works v. Miller, 29 Ill. App. 569.

The vendor's right of rescission was held good where goods were delivered under conditions similar to those in the case at bar, from May 23d to May 27th, and no demand was made until June 1st. Hagerty v. Palmer, 6 Johns Ch. 437.

The property was at most "trade fixtures," removable by the tenant during his term even if affixed to floor and walls of building. Moore v. Smith, 24 Ill. 512; Kelley v. Austin, 46 Ill. 156.

The tenant's right of removing his trade fixtures may also be sold or mortgaged by him as personalty, and they may be seized and severed on execution against him as personalty during the term. Ewell on Fixtures, 91; Poole's Case, 1 Salk. 368; Lacey v. Gibony, 36 Mo. 320; Ex parte Morrow, 1 Lowell's Dec. 386; 2 N. B. R. (2d Ed.) 665.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Where personal property, other than commercial paper, is by contract sold for cash, to be paid for on delivery, the de-

livery and payment are to be concurrent acts, and therefore, if the goods are put into possession of the buyer, in expectation that he will immediately pay the price, and he does not do it, the seller is at liberty to regard the delivery as conditional, and may at once reclaim the goods.    Canadian Bank v. McCrea, 106 Ill. 281; Ames v. Moir, 130 Ill. 582–591; Russell v. Minor, 22 Wend. 659; Morris v. Rexford, 18 N. Y. 552; Fletcher v. Cole, 23 Vt. 114.

In the present case it is insisted that there was a waiver of contemporaneous payment.

Whether there was such waiver is a question of fact. As to what will be treated as a waiver, see Martin v. Wirtz, 11 Ill. App. 567; Peabody v. Maguire, 79 Maine, 572; Seed v. Lord, 66 Maine, 580; Stone v. Perry, 60 Maine, 50; Whitney v. Eaton, 15 Gray, 225.

This question the jury determined against appellant.

There was no unrestricted delivery of the goods.

Appellee had contracted to make, place and set up, in appellant's store, certain fixtures.    In the nature of things, appellee could not do this without, from time to time, as the work required, leaving the property in the custody of appellee and fastening it in place, as was necessary.    So soon as the work was complete, appellee demanded payment.    He was not before entitled to be paid, and when so entitled, he insisted upon his right; payment not being made, he immediately demanded a return of the goods; this being refused, he, without delay, sued out a writ of replevin.

Appellant claims to have sold to his brother the goods obtained from appellee, pending their delivery; that is, that a sale was made, in part, of property contracted for and yet to arrive; and in this suit appellant insists that the goods belong to his brother; yet appellant, having, as he claims, thus sold the goods June 17th, July 7, 1893, wrote to appellee the following letter:

" CHICAGO, July 7, 1893.

Merle & Heaney Mfg. Co., City.

GENTLEMEN :    I am surprised, on my return to the city,

to find that you have failed to furnish and put in position a considerable portion of the fixtures purchased from you. I demand that you at once proceed to finish these fixtures according to contract, and place them in position, and I shall hold you responsible for any damages that may result from your delay in putting these fixtures in shape. I have been greatly delayed and incommoded since the first of May by your failure to keep the terms of your contract.

Respectfully yours,

R. A. WELLS."

According to the unmistakable terms of the contract, appellant had only, at the most, a conditional title to these goods at the time he claims to have sold them.

The goods were not shown to have been attached to the building, other than is customary in the case of removable trade fixtures. All of the articles are such as are easily movable, and while sustained in place by nails and screws, are such as it is customary and easy, without affecting the realty, for tenants to put in and remove; they do not appear to have been affixed in such a way as to make them a part of the realty.

The contract was for the manufacture and sale of chattels, which never became else.

The judgment of the Circuit Court is affirmed.