HENRY RODERMUND, Respondent, *v.* JOSIAH G. CLARK, Appellant.

Where a party has an election between two inconsistent remedies, he is confined to that which he first chooses.

W. and defendant were joint owners of a sloop. Defendant, ignoring W.'s rights, sold the whole vessel to M. W., after the sale, took and retained possession. M. thereupon libeled the vessel, as owner, in the United States District Court. She was seized by the marshal, and M., having obtained judgment by default, she was delivered to him. W. assigned his interest, and also his claim against defendant, to plaintiff, who sues for conversion.

*Held,* that W., having elected to assert his rights, by retaining possession, and refusing to recognize the sale, he and his assignees were precluded from maintaining an action for the conversion.

(Argued June 22, 1871; decided November 10, 1871.)

APPEAL from judgment of the General Term of the second district, affirming a judgment entered in Orange county upon the report of a referee.

In December, 1862, the defendant Clark, was the sole owner of the sloop Boliver; and about that time he contracted to, and did sell, an undivided half of the vessel to John W. Ward for $1,500. Clark agreed to put Ward in possession in the spring of 1863. In the meantime the vessel was overhauled and repaired. In the month of May, 1863, Clark, pursuant to the contract of sale, delivered possession of the property to Ward as part owner and as captain. From that time until the winter of 1865–6, he had possession of the sloop, and navigated her for the joint benefit of himself and Clark.

During the winter of 1865–6 the vessel was laid up at Cornwall Landing in Orange county. On the 10th of February, 1866, Clark having previously advertised her for sale, sold the entire vessel at public auction. James F. Malcolm, of New York city, purchased her for $3,800. Ward forbade the sale of his half. The vessel could not be removed at that time, being inclosed in the ice. She remained there until the

opening of navigation in the spring of 1866, then Ward commenced to run her again. After making two trips with her, Malcolm commenced an action against him, to recover possession of the property, and the vessel was seized by the sheriff. Ward gave a counter bond and the vessel was re-delivered to him. Clark never gave Ward a bill of sale for his half; and so far as the records in the custom house showed, the title to the entire vessel was in Clark.

Afterwards Malcolm claiming the vessel under his purchase from Clark, libeled her as owner in the United States District Court, and she was seized by the marshal and taken from Ward. Malcolm obtained a judgment in that proceeding by default, and the marshal delivered the vessel to him. This default was afterwards opened, but Malcolm retained the vessel, and she never came back to the possession of either Ward or the plaintiff.

Ward having given the plaintiff an assignment of all his interest in the vessel, and of all causes of action against Clark for selling her.

The present suit was commenced against Clark to recover damages for such conversion.

The referee found, that the defendant was guilty of converting Ward's half of the vessel, because of the sale of the entire property to Malcolm, and ordered judgment for the value thereof with interest.

*A. J. Parker,* for appellant. Ward had the election to take possession of the vessel or to sue for conversion, having elected the former remedy he has lost the right to the latter. (*White* v. *Osborn*, 21 Wendell, 72, 76; *Blood* v. *Goodrich*, 9 Wendell, 71; *Morris* v. *Rexford*, 18 N. Y. R., 552.)

*R. W. Peckham, Jr.,* for respondent. Defendant having sold the entire vessel, was liable to Ward or his assignee for converting the one-half. (*Nolan* v. *Colt*, 6 Hill, p. 461; *Forbes* v. *Shattuck*, 22 Barb., p. 568; *Benedict* v. *Howard*, 31 Barb., p. 569; 42 N. Y., 549.)

FOLGER, J.   It must be taken as one of the facts in this case, that there was an absolute sale, of one equal undivided half of the sloop, by the defendant to John W. Ward, and that Ward became the unconditional owner of that one-half.   The referee has so found, and there is testimony to sustain the finding.

When then, the defendant afterward sold the whole of the sloop to Malcolm, ignoring the rights in her of Ward, his act authorized Ward to sue for a conversion of the property (*White* v. *Osborn*, 21 Wend., 72; *Dyckman* v. *Valiente*, 42 N. Y., 549); and this although the sloop was not put beyond the reach of Ward.   (21 Wend., 72.)

Ward then had two courses, either of which he might pursue.   He could sue the defendant for the conversion, or he could assert his right of possession, by keeping a permanent possession, or regaining possession if it was interrupted. (Id.) The effectually taking of either of these two courses, precluded him from taking the other.

If he actually insisted on keeping the possession of the vessel, and refusing to recognize the sale by the defendant, he could not sue the defendant for the conversion.   There does not seem to be any doubt that he did so insist.   At the time of the sale by the defendant to Malcolm, the sloop was fast in the ice, and in the actual possession as much of one tenant in common as of the other.   As soon as she was free from the ice, Ward took actual possession of her, and continued it until legal proceedings were taken by Malcolm, for the delivery of the sloop to him.   Ward still insisted upon the ownership of an interest in the sloop, and upon retaining the possession of her, by requiring a return of the possession of her to him by the sheriff.   It is not perceived, how Malcolm could have obtained the possession of the sloop to the exclusion of Ward, if the last named had persisted in his defence to that action, and so had retained the possession, the right to which he had asserted.   The defendant could pass to Malcolm no greater right in her than he had himself, and that was to an equal undivided half.   So far Ward had elected his course and had

succeeded in it, and the proceedings of Malcolm had been ineffectual to dispossess him. Ward had taken his position. He had chosen to assert, and to act upon the assertion, that the defendant had no right to sell the whole of the sloop, and that his attempt to do so had not divested, and should not divest, the interest of Ward in her.

In our judgment he had then gone so far, as that he could not afterward entirely change his position, and that neither he nor the plaintiff, his assignee, recognizing the act of the defendant as having worked the destruction of his half of the sloop, could yield to the claim of Malcolm, asserted in the action in the United States court, submit to the seizure in the behalf of Malcolm of the vessel in that action, and then have a right of action against the defendant for the conversion.

The mode Ward had first chosen had, until then, been effectual to preserve to him his property and the possession of it. And when that was interfered with by Malcolm, in his suit in the United States court, it was the duty of Ward and the plaintiff not to abandon the property, but to persist in a defence of his right.

Where there exists an election between inconsistent remedies, the party is confined to the remedy which he first prefers and adopts. The remedies are not concurrent, and the choice between them being once made, the right to follow the other is forever gone. (*Morris* v. *Rexford*, 18 N. Y., 552.) Any decisive act of the party, with knowledge of his rights and of the fact, determines his election in the case of conflicting and inconsistent remedies. (*Sanges* v. *Wood*, 9 Johns. Cas., 416; *Littlefield* v. *Brown*, 1 Wend., 398, affirmed, Ct. of Errors, 11 id., 467–470.)

The judgment of the court below should be reversed, with costs to the appellants.

ALLEN, GROVER, and ANDREWS, JJ., concur; PECKHAM and RAPALLO, JJ., dissent; Ch. J. not voting.

Judgment reversed.