## BOLTON HALL AND OTHERS, APPELLANTS, *v.* THE UNITED STATES REFLECTOR COMPANY, RESPONDENT.

*Fees of sheriff on attaching property — when the judge cannot compel the party liable therefor to pay them — Code of Civil Procedure, sec. 3307, sub. 2 — when the sheriff ceases to hold the property for the attaching creditor — election of remedies.*

The amendment made to subdivision 2 of section 3307 of the Code of Civil Procedure, in 1884, which authorizes the judge, upon making an allowance to the sheriff for his trouble and expenses in taking possession of and preserving attached property, to make an order requiring the party liable therefor to pay the same to the sheriff, did not authorize such an order to be made in cases where the bills had been settled and the allowances made before the passage of the amendatory act ; it only applied to cases in which such allowance should be subsequently made.

After a sheriff has been notified by the plaintiffs in an action, of the release of the property seized and held by him under an attachment issued upon their application, except as it might be held for the purpose of satisfying any lien he might have thereon for his charges and expenses previously accrued, he ceases

to hold the property under their authority, and they cannot be compelled to pay him for the cost and expenses incurred by his subsequent retention thereof. If a sheriff brings an action to foreclose a lien, claimed to exist in his favor, for costs and expenses incurred in taking and preserving property under an attachment, he cannot thereafter, and during the pendency thereof, apply for the order provided for in the said amendment to subdivision 2 of section 3307 of the Code of Civil Procedure, as the two remedies are inconsistent.

APPEAL from an order adjusting the sheriff fees and expenses under certain attachments, and directing the same to be paid by the plaintiffs.

*William C. Hornblower* and *Joseph S. Auerbach,* for the appellants.

*Edward P. Wilder,* for the respondent.

DANIELS, J.:

The plaintiffs commenced two actions against the defendant and procured attachments to be issued in each, under which its property was seized by the sheriff of the city and county of New York. The property remained in the possession of the sheriff under the attachments until the 9th of May, 1883, when notice was served upon him by the attorneys for the plaintiffs, releasing the attachments from the property seized, except for the purpose of satisfying any lien the sheriff had upon the same for charges and expenses which had previously accrued. And notice of such release appears very soon afterwards to have been received by the defendant. A demand of the property was thereupon made in its behalf from the sheriff, who refused to deliver it, and an action was commenced against him for its alleged conversion. The sheriff's fees and expenses were adjusted by the judge allowing the attachments on two different occasions, and upon the second adjustment so made a balance remained due to the sheriff on the 1st day of June, 1883, of $5,429.78, which the judge ordered the plaintiffs to pay. From this order an appeal was taken to the General Term, where it was reversed on the ground that no authority was vested in the judge to give that direction. (*Hall* v. *U. S. Reflector Co.,* 31 Hun, 609.) And that decision was afterwards affirmed by the Court of Appeals. The adjustment of the fees and expenses, however, was in no

manner changed, which left this balance due to the sheriff for his services and expenses under the attachments.

The sheriff retained the possession, because of the non-payment of his bill, until the 11th of June, 1884, when he presented a further bill amounting to the sum of $3,825.50, and that was in like manner adjusted by the justice allowing the attachments. And an order was then made requiring the plaintiffs not only to pay this additional bill, but also the balance remaining unpaid on the two preceding bills. This order was made under the authority of chapter 462 of the Laws of 1884, amending subdivision 2 of section 3307 of the Code of Civil Procedure in such a manner as to permit the judge adjusting the sheriff's bill to order payment thereof by the party liable therefor. This authority was vested in him as a part of that permitted to be exercised in the adjustment of the bill. It was not made applicable to bills which had previously been adjusted, but to those which might be adjusted under its authority. It was prospective in its character, and necessarily related to proceedings, after its enactment, to be taken before the judge. As it did not provide that he might order bills previously adjusted to be paid by the party deemed to be liable, the power to do that was excluded and they were left to depend upon the rights and liabilities of the parties, as that might be otherwise determined in the course of proper legal proceedings. When the matter was brought before the judge, therefore, after the enactment of this statute, he had no power under its provisions to go back to the bills already adjusted and direct them to be paid by the plaintiffs, even though they may be liable to the sheriff to make such payment. His authority over those bills was exhausted at the time when he finally acted upon them, and that was simply to adjust the amount to which the sheriff was entitled, leaving him to his remedy for their collection, as that was otherwise provided by law. So far as the plaintiffs were directed by the order of June, 1884, to pay these preceding bills, it was without authority and cannot be sustained.

The bill presented for expenses, arising after the adjustment of the preceding bills, arose entirely out of the detention of the property by the sheriff after the plaintiffs had released their attachments. From that time he ceased to hold the property under their

authority. They simply left it in his hands for the purpose of satisfying his already accrued lien for charges and expenses thereon. From that time he ceased to hold the property at their instance for their benefit, or by means of their direction, and it would seem very clearly to follow, from that circumstance, that they could not be rendered liable for the charges and expenses afterwards accruing. As to those previously arising, the right of the sheriff may very well be entirely distinguishable. For during the time when those charges accrued he held the property under the authority and direction of the plaintiffs, who would seem certainly, from that circumstance, to render themselves liable to him for his fees and expenses. But without determining whether they were subject to that liability or not, it appears to be quite clear that they could not be liable to him for the expenses incurred by him in retaining the custody of the property after they had released and discharged their attachments. The judge, consequently, had no authority under the statute to adjust or order the plaintiffs to pay these expenses. They were not liable for them, and the order was unauthorized.

Before this order was made an action was commenced by the sheriff to foreclose the lien claimed by him upon the attached property for his fees and expenses. The plaintiffs were made parties to that action, and whatever deficiency may remain in it, after the appropriation of the property to the payment of his bills, if that can be permitted to be done in any view which can be taken of the law, has been claimed as a personal liability against them. The Code, by section 709, has by its language provided the sheriff with the right to retain the property, even against the defendant, until payment shall be made of his costs, charges and expenses. But, whether that should be held to be applicable as a constitutional exercise of legislative power to any cases except those where the property shall be released by means of the undertaking provided by section 688 of the Code, it is not intended now to decide. But as the sheriff has brought his action for the recovery of his fees and charges, he has elected that as the remedy to be pursued by him while that action shall be pending. And, having made that election, he cannot resort to the order provided for by this act of 1884, even if it should be held to be applicable to the fees and charges now legally claimed by the sheriff. The two remedies are not consistent, and

the rule is, where that is the fact, that the election of one determines the right of the party to resort to the other. (*Morris* v. *Rexford*, 18 N. Y., 552; *Bank of Beloit* v. *Beale*, 34 id., 473; *Rodermund* v. *Clark*, 46 N. Y., 354, 357.)

As the attachments were released before either of the items included in the last bill accrued, they could neither of them be for costs or expenses arising under the attachments. And, as the plaintiffs were not liable for them, no order was authorized directing the payment of the last bill by them. An order, therefore, should be made reversing the order from which the appeal has been taken, and denying the motion for the adjustment of so much of the sheriff's account as accrued after the 1st of June, 1883, and the plaintiffs should recover their costs and disbursements on the appeal.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, and motion for adjustment of so much of sheriff's account as accrued after June 1, 1883, denied; costs and disbursements to plaintiff.