ADOLPH STERNFELD and Others, Appellants, *v.* ALFRED L. SIMONSON, Respondent.

*Election of remedies — when an ineffectual attempt to secure his debt by legal proceedings in hostility to the assignment will not preclude a creditor from claiming benefits under a general assignment.*

One Robinson having made a general assignment of all his property to one Kopper for the benefit of his creditors, the plaintiffs instituted proceedings in which the assignor was compelled to appear and be examined and produce his books and papers before a referee, who reported that large quantities of goods purchased had not been accounted for, and that a bond for $7,500 should be given by the assignee, which was subsequently done, the defendant in this action being one of the obligors. Thereafter the plaintiffs began an action against Robinson upon notes made by him, and procured therein an attachment against his property, upon the ground that the assignment was fraudulent and invalid, but no levy was ever made thereunder. An execution, issued upon a judgment recovered in that action, having been returned *nulla bona*, the plaintiffs brought an action against the assignee for an accounting, which resulted in a judgment in their favor, upon which an execution was issued and returned unsatisfied.

In this action, brought by the plaintiffs against the defendant, one of the sureties upon the assignee's bond, the complaint was dismissed upon the ground that the plaintiffs had made an election between two inconsistent remedies, and that they were confined to the one they had first chosen.

*Held*, that it was error so to do.

That, as there had never been any levy under the attachment issued by the plaintiffs and no property had been acquired thereby, and such proceedings were entirely futile, the plaintiffs were not deprived of their remedies under the assignment.

*Brown* v. *Littlefield* (11 Wend., 467) followed.

If the plaintiffs, by means of their attachment proceedings, had secured any of the property covered by the assignment, then a different question might be presented.

APPEAL from a judgment dismissing the complaint on the merits, after a trial by the court without a jury.

In 1882 one George Robinson, an insolvent merchant of New York city, executed to Henry J. Kopper, as assignee, a general assignment of all his property for the benefit of creditors. The assignee accepted the same, the assignment was recorded and the assignee executed and filed a bond and took possession of the assigned property. Afterwards a proceeding was instituted by the plaintiffs in this action, they alleging that the assignor had not turned over all his property to the assignee, in which proceeding it was referred to a referee to examine the assignor and assignee, the books and papers of the assignor and any witnesses produced before the referee, in respect to purchases made by the assignor during the year 1882, and as to what he had done with the goods, and if sold, as to what disposition he had made of the proceeds and as to whether he had turned over to the assignee the whole of his property, etc., and to ascertain the reasonable and just amount of the bond to be given by the assignee for the performance of his duties. The referee reported that large quantities of goods purchased had not been accounted for and that a bond of $7,500 would be a reasonable and just amount to be given by the assignee; and subsequently a bond in that amount was given in which the defendant was one of the obligors. On the 16th of October, 1882, the plaintiff began an action against Robinson upon notes made by him held by them, and on the second of November, upon an affidavit verified by the plaintiffs, an attachment was issued against Robinson's property upon the ground that he had made said assignment to said Kopper with intent to hinder, delay

and defraud his creditors. This attachment was immediately placed in the sheriff's hands, but there is no evidence that any levy was made under it. Although there is a recital in the execution subsequently issued upon the judgment, as hereinafter stated, of such levy having been made, the evidence of the deputy sheriff fails to show that any such levy had actually been made. Judgment having been entered in this action, an execution was thereupon issued, and an indemnity bond was given to the sheriff, but the execution and attachment were returned *nulla bona* on the 27th of December, 1882. In June, 1884, an action for an accounting was begun by plaintiffs against the assignee, which resulted in a judgment in favor of the plaintiffs, against Kopper. An execution being issued upon that judgment and returned unsatisfied, this action was commenced against the defendant as one of the sureties upon the assignee's bond.

Upon the trial, the plaintiffs' complaint was dismissed upon the merits on the ground that the plaintiffs had made an election between two inconsistent remedies and that they were confined to that which they first chose.

From the judgment thereupon entered, this appeal is taken.

*M. L. Townsend,* for the appellants.

*B. F. Blair,* for the respondent.

VAN BRUNT, P. J.:

It is undoubtedly true that where there exists an election between two inconsistent remedies, the party is confined to the remedy which he first prefers and adopts, where the remedies are not concurrent and the choice between them is once made, the right to follow the other is gone forever. A long line of authorities has been cited by the counsel for the defendant in support of this proposition. The most of those authorities tend to establish the rule that where a party has sued for the purchase price of goods and recovered judgment, he cannot subsequently maintain an action upon the ground that the goods were obtained from him by fraud; or where the goods had been taken from the debtor by replevin or an action commenced for that purpose, the creditor cannot subsequently sue for the purchase price. But no authority has been cited that a mere ineffectual attempt upon the part of a creditor to secure his

debt by legal proceedings precludes him from claiming the benefits as a creditor under an assignment. In fact, the case of *Brown* v. *Littlefield* (11 Wend., 467), cited by the defendants, clearly lays down the rule to the contrary. It is said, at page 471, that where a party has inconsistent rights or remedies, he may claim or resort to one or the other at his election. He is frequently bound by some decisive act of election in favor of one right or remedy, from afterwards claiming the other right or pursuing the other remedy, which is inconsistent therewith. But the mere attempt to pursue a remedy to which he is entitled, without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that to which he had originally a right to resort, especially where he has acted under a mistake as to the facts. Applying this rule to the case at bar, it is clear that there never having been any levy under the attachment issued by the plaintiffs and no property acquired thereby, and such proceeding being entirely futile, the plaintiffs are not deprived of their remedies under the assignment. In fact, long before the issuing of the attachment, the plaintiffs had elected to proceed under the assignment, and their proceedings to examine the assignor and assignee in regard to the property, and in respect to the amount of the bond which it would be proper for the assignee to give in the Court of Common Pleas, might have been a complete answer to their proceeding by attachment, upon the allegation that the assignment was made with intent to hinder, delay and defraud the creditors, as they had elected to assert rights under the assignment itself, and after having made such election they could not attack it upon the ground of fraud.

In the foregoing statement it has been said that no levy was made under the attachment. It is true that the learned trial justices found that the sheriff had levied on the assigned property then in the possession of the assignee under and by virtue of the plaintiffs attachment, but the case is entirely barren of any proof to sustain this finding. The evidence of the deputy fails to show any such levy and the evidence of the counsel for the plaintiffs shows that at the time of the issuing of the execution instructions were given not to levy and there was no proof that those instructions were withdrawn. The recital in the execution that such a levy had been made, in view of the fact that the execution was returned *nulla bona,* was

not sufficient in the face of this testimony to sustain the finding that a levy had actually been made. If the plaintiffs, by means of their attachment proceedings, had secured any of the property covered by the assignment, then a different question might be presented. But they having in no way interfered with the assigned property by their process, and having acquired nothing by those proceedings, and having obtained no legal satisfaction therefrom were not deprived of the benefit of the right to which they might originally have resorted. The case of *Iselin* v. *Henlein* (16 Abb. N. C., 79) proceeds expressly upon the ground that an attaching creditor seized and obtained possession of the assigned estate under his attachment, and in *Rodermund* v. *Clark* (46 N. Y., 354), the decision is based upon the ground that the plaintiffs' assignor having retained possession of the property, he and his assignees were precluded from maintaining an action for its conversion. It is not necessary to say anything in regard to any of the rights which the plaintiffs took by the assignment of Mary Robinson and Learys claim as they clearly obtained no greater rights than had previously existed by virtue of their own position as creditors of the assignor.

We are of opinion, therefore, that the plaintiffs were not precluded by anything that they had done from pursuing their remedies under the assignment as creditors of the assignor.

The judgment must be reversed and new trial ordered, with costs to appellant, to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant, to abide event.