(17 Misc. Rep. 26.)

## DIETZ v. FIELD et al.

(Supreme Court, Special Term, Kings County. May, 1896.)

ELECTION OF REMEDIES—WHAT CONSTITUTES.

    A railroad company borrowed money, and pledged certain bonds as security therefor. The lender pledged the bonds to a third person, and afterwards made an assignment, whereupon the railroad company sued the lender for conversion of the bonds, and offset the amount of the loan against the value of the bonds. *Held*, that it thereby elected its remedy, and could not compel the receiver of the lender to deliver such of the bonds as had come into his hands.

Action by Robert E. Dietz against Edward M. Field and others. The receivers of the Southern Pacific Railway Company filed a petition to compel the delivery to them of certain bonds and coupons. Denied.

A. H. Holmes, for petitioners.

F. A. Ward, opposed.

GAYNOR, J. The Union Pacific Railway Company borrowed money of the firm of Field, Lindley, Wiechers & Co., on its promissory notes, pledging certain bonds as collateral security. The Field firm had dealings with the firm of I. & S. Wormser, and pledged certain of these bonds, as their own, with the said Wormser firm, as security, and they finally stood so pledged for the payment of a large balance. The said railway company tendered payment of its said notes to the said Field firm, in due course, and demanded back its said bonds, but the said firm refused to deliver them up. As early as December, 1891, the said railway company became fully informed of the said conversion of its bonds, and of the particular ones of them which had been so pledged to the Wormser firm. Thereafter it began an action for the conversion of the said bonds, against the said Field firm, alleging in the complaint the value of the bonds to be $1,163,060, and the amount of the loans to be $476,-034.07, and claiming as damages the difference, and it obtained judgment for the said amount. It also brought an action against the Wormser firm for damages for the conversion of the said bonds so pledged with them. On November 27, 1891, the said Field firm had made a general assignment for the benefit of their creditors. This action was brought to set aside the said assignment as fraudulent, and, the plaintiff prevailing, Norman S. Dike was appointed herein receiver of all of the assets of the said firm. The Wormser firm, having sold the major part of the said bonds so pledged to them, reported that they had applied the proceeds to the payment of the balance due them from the Field firm, and had remaining, to the credit of the said firm, $2,129.63 in cash, and also seven Oregon Railway & Navigation Company bonds, of the value of $1,000 each, and 140 matured coupons, of the value of $25 each, of the bonds so pledged with them. The receiver refused to accept this as a correct statement of the account, and brought an action against the Wormser firm for an accounting. The result was that he obtained a judg-

v.39N.Y.s.no.3—17

ment against them for $22,342.13, which he has collected. The Wormser firm has also. delivered to him the said 7 bonds and 140 coupons. Meanwhile the said railway company has gone into the hands of receivers, and they now file their petition herein that the said receiver of the assets of the Field firm be ordered to pay to them the said money so recovered by him, and also that he deliver the said bonds and coupons to them. Both sides request that the court, with or without the aid of a reference, decide in this action the question between them. The facts being undisputed, I see no need of a reference. The petitioners claim the said bonds and coupons as theirs, and also that the said money is the proceeds of the sale of the said railway company's bonds, and that they are entitled to it, under the authority of Refining Co. v. Fancher, 145 N. Y. 552, 40 N. E. 206. It seems to me that in offsetting its indebtedness to the Field firm against the value of the said bonds and coupons pledged with and converted by them, and bringing the action for. damages for conversion against them, claiming the difference as the measure of damages, and obtaining judgment therefor, it made an irrevocable election of the remedies open to it, and must abide by it. It thereby let its title to the bonds go. Rodermund v. Clark, 46 N. Y. 354; Terry v. Munger, 121 N. Y. 161, 24 N. E. 272; Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172; Moller v. Tuska, 87 N. Y. 166. Its action for conversion against the Wormser firm was also an election to let the bonds go, and get the value thereof instead.

The motion is therefore denied.