BROWN, P. J.
—The opinion delivered at the special term upon the denial of this motion stated the facts of the case so accurately that they need not be here repeated. It is sufficient to say that, excepting the 7 bonds of the Oregon Railway & Navigation Company, the 140 coupons cut from bonds of the Oregon Short Line & Utah Northern Railway Company, and the item of $2,129.63, the balance admitted by the firm of Wormser & Co. to be due to the firm of Field, Lindley, Wiechers & Co., the judgment recovered by Mr. Dike, the receiver, had no reference to or connection with any property of the Union Pacific Railway Company. As to the item of *1435 $2,129.63 the receiver’s affidavit alleged that it did not arise •out the sale of the securities of the railway company only, but was a part of the proceeds of the sale of other securities which the Wonnsers were carrying for Field’s firm, in which the railway company had no right or interest whatever, and that it was impossible to separate the proceeds of the sale of the different securities, or in any way to identify the said item as a part of the proceeds of the sale of the securities of the railway company. It appears from the opinion of the special term that both parties treated the questions presented oh the motion as ones of law solely, and, in the absence of any testimony upon the disputed question of fact as to the above item, we must assume that the allegation that it was a part of the proceeds of the sale of the securities of the Railway Company, was either decided adversely to the petitioners’ claim or was abandoned on the argument.
This brings us to the consideration of the right of the petitioners to recover from the receiver the Y bonds and 140 coupons which appear without dispute to have been a part of the securities delivered by the railway company to Field’s firm, and by that firm pledged to the Wormsers, and recovered from them by the receiver. The right of the petitioners to recover these seetirities was denied by the special term, on the ground that by prosecuting to judgment an action against Field’s firm for the value of the securities, the railway company had elected to treat the refusal of that firm to deliver the securities upon the tender of the debt for which they were pledged as a sale thereof, and it could not thereafter successfully maintain its title to the securities themselves. We are of the opinion that this ruling must be sustained. Ample authority therefor is cited in the special term opinion. Rodermund v. Clark, 46 N. Y. 354; Holler v. Tuska, 87 N. Y. 166; Fowler v. Bank, 113 N. Y. 450 ; 23 S. R. 130 ; Terry v. Hunger, 121 N. Y. 161; 30 S. R. 746.
Flo case to which our attention has been called by the appellants conflicts with these authorities. In Foundry Co. v. Hersee, 33 Hun, 169, the decision of the general term pro-needed upon the ground that the plaintiff ivas not shown to have had knowledge of the fraud at the time of bringing the first action on the contract, and that that action did not proceed to judgment, but was discontinued before it reached that stage. When the case reached the court of appeals (103 H. Y. 2Y), it was affirmed on the sole ground of the lack of a finding or request to find that the plaintiffs, when they brought the action on the contract, knew of the fraud, and the court declined to express any opinion on the question whether, if there had been such knowledge, the fact that the action was not prosecuted to judgment would have relieved the plaintiffs from the imputation of an irrevocable election to affirm the sale. The current of authority in this state is to the effect that, where a party has" the choice between two inconsistent *1436 remedies, the commencement of an action will be deemed a conclusive election between them. Such was the case of Conrow v. Little, 115 N. Y. 387, 22 N. E. 347. Judge Dan-forth, speaking of the plaintiff’s election to affirm or avoid the contract there under consideration, said:
“ They could not do both, and there must be a time when their election should be considered final. We think that time was when they commenced an action for the sum due under the contract.”
In Terry v. Hunger, supra, Judge Peckman, quoting this language, said:
When it becomes necessary to choose between inconsistent remedies, the election will be final, and cannot be reconsidered, even when no injury has been done by the choice, or would result in setting it aside. 2 Herm. Estop. 1172, § 1045.”
The learned counsel has argued that the remedy of the railway company by action against Field’s firm to recover the value of the bonds was not inconsistent with the present proceeding. I cannot conceive of two remedies more inconsistent. Two causes of action, one to recover specific securities, and the other to recover the value of such securities, could not be united in the same complaint, nor could two separate actions, of that character be maintained at the same time. The plaintiffs," if such causes of action were united in the same pleading,, or two separate actions brought, would be compelled by the-court to elect which one they would rely upon. We must here treat Hr. Dike, the receiver, as standing in the place of Field’s firm, with the same right to compel an election as that, firm would have had. Evidently the railway company could not have the bonds, and their value in money at the same time. The two things are impossible, and legal remedies that contemplate such results are plainly inconsistent. The cases of Smith v. Savin, 141 N. Y. 317, 57 S. R. 417, and Russell v. McCall, 141N. Y. 437, 57 S. R. 623, cited by the appellants, do> not appear to have any application to the questions under discussion. It appears from the affidavits before us that in December, 1891, the railway company knew of the pledge of its: securities by the Field firm to the Wormsers, and, with full knowledge of all the facts in reference to the transaction between those two firms, in Harch, 1894, sued Field’s firm to-, recover the difference between the value of the securities and the amount of its debt to that firm, and on August 7, 1894, entered judgment against Field and his partners for $552,-961.17, which the. court adjudged to be such difference. In thus suing for the value of the bonds and crediting thereon the-amount of its debt, the Union Pacific _ Railway Company treated the transaction .as a sale, as it had a right to do, and, having elected to so treat it, the title to the securities passed to Field’s firm. Terry v. Hunger, supra, and cases cited.
The ordermust be affirmed, with $10 costs and disbursements.
All concur.