### THOMAS v. SUGERMAN et al.

(Circuit Court of Appeals, Second Circuit. November 7, 1907. Dissenting Opinion, October 18, 1907.)

#### No. 8.

BANKRUPTCY—VOIDABLE TRANSFER OF PROPERTY—ELECTION OF REMEDIES BY TRUSTEE.

Where a bankrupt within four months prior to his bankruptcy sold and assigned certain accounts to a third person and his trustee, with full knowledge of the facts, applied for and obtained an order from the bankruptcy court requiring the bankrupt to turn over a part of the proceeds of the sale which had not been accounted for, such action of the trustee was an election to affirm the sale, and the trustee could not thereafter maintain a petition against the assignee to recover the accounts on the ground that the sale was fraudulent.

Lacombe, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Abram I. Elkins (Carlisle J. Gleason and Robert P. Levis, of counsel), for appellant.

J. J. Crawford (Max J. Kohler, of counsel), for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The complainant, trustee in bankruptcy of the defendant Lightstone, filed this bill in equity, alleging that Lightstone, when insolvent and within the four months preceding the filing of the petition in bankruptcy, sold outstanding accounts aggregating $47,197.61 to the defendant Sugerman, and received therefor the sum of $30,000, both parties intending thereby to defeat and defraud Lightstone's creditors. The bill prayed that the transfer might be set aside as fraudulent. The defendant Sugerman filed a plea in bar, to the effect that the plaintiff, with a full knowledge of all the facts, had ratified the transfer by obtaining an order from the district judge requiring the bankrupt to turn over to him the sum of $17,500, balance of the payment of $30,000 received and not accounted for. The complainant set the plea down for argument. The court, by consent of parties, considered in connection with the plea the complainant's petition as trustee, the answer of the bankrupt, and the certificate of the referee, which showed that the sum of $17,500 found to have been concealed by the bankrupt was arrived at after charging him with the whole $30,000 received from Sugerman. The district judge sustained the plea.

It is quite clear that, if Lightstone had been induced to make the transfer to Sugerman by fraud, he could not at the same time retain the $30,000, and ask to have the transfer set aside. Such claims would be inconsistent, because the retaining of the payment would be an affirmance of the contract of sale, while the claim to have the transfer set aside would be a repudiation of it. Cobb v. Hatfield, 46 N. Y. 533, 537. It is also quite clear that, if both the parties to the transfer had made it with the intention to defraud third parties, the law would give relief to neither as against the other. The complainant, as trustee, however, represents not only the bankrupt, alleged to be a party to the fraud, but his creditors, who are innocent, and he may assert on their account rights against Sugerman, which the bankrupt could not. If the complainant was entitled to set the transfer aside as fraudulent, he could have recovered the accounts from Sugerman, but would have had to return to him the price or any part of it paid to the bankrupt which the complainant had received. This is because the right of the creditors was simply to be made whole. For the same reason, he would not have had to credit Sugerman with anything paid by Sugerman to the bankrupt which he, the complainant, had not actually received from the bankrupt. Of course, if the trustee had found the $30,000 in the bankrupt's deposit box and taken it into his possession, or if the bankrupt had voluntarily paid the sum to him, the mere receipt of the money would not amount to an election by the trustee to affirm the transfer. But that is not the case. The trustee here, with a full knowledge of all the facts alleged in a formal proceeding that the bankrupt had in his possession and was concealing money, and by that proceeding he has, so to speak, created a fund. Nor can we adopt the appellant's theory that in this proceeding the trustee was merely seeking to get in the bankrupt's estate in order to determine, after it was in his hands, whether to affirm or to repudiate the transfer to Sugerman.

The papers and proceedings show nothing of the kind, but, on the contrary, that he was seeking to get the money as a part of the bankrupt's estate to be distributed among the creditors.

The case presents an election between inconsistent rights. It makes no difference that the defendant Sugerman was not a party to the proceeding in which the complainant charged the bankrupt with the money paid for the accounts transferred by him, or that the complainant actually recovered nothing in that proceeding. This act confirmed the title to those accounts in Sugerman. In an action against the defendant for conversion of personal property, it appeared that the plaintiffs had begun a previous action against two persons who had removed that property to recover the value of plaintiffs' interest therein. The court held the action not maintainable because the plaintiffs had elected, by proceeding in the first action on the theory of a sale, to rely upon an inconsistent right. Judge Peckham said:

"The plaintiffs having by their former action, in effect, sold this very property, it must follow that at the time of the commencement of this one they had no cause of action for conversion in existence against the defendant herein. The transfer of the title did not depend upon the plaintiffs recovering satisfaction in such action for the purchase price. It was their election to treat the transaction as a sale which accomplished that result, and that election was proved by the complaint already referred to. But it is urged that this election of the plaintiffs is not binding upon them in favor of the defendant herein, because it was only against the defendants in the other action that they made their election. It is said there is no case to be found where an election has been treated as binding in favor of a stranger to the transaction, and that the defendant herein is such stranger so far as the plaintiffs' transaction with the defendant in the other action is concerned. I do not think this claim can be maintained. In the first place, what is the nature of the plaintiffs' act in electing to consider the transaction as a sale? It is a decision or determination upon their part to in effect ratify and proclaim the lawfulness of the act of taking the property; and it is an assertion on the plaintiffs' part that in so doing the plaintiffs' interest in the property was purchased, and that thereby their whole title was transferred and they ceased to own any part of the property, and that those who took it impliedly promised the plaintiffs to pay them the value of their interest in such property. This being so, why does not such transfer of title bind the plaintiffs as to the whole world? Surely the title which plaintiffs once had in the property cannot at the same time rest with them and pass to those who took it. If the title really once passed, that would be a fact actually existing, which anybody ought to have the right to prove if it became material in protecting his own rights, unless there were some equitable considerations in such case which should prevent it. I cannot see that any exist here. With full knowledge of all the facts, the plaintiffs deliberately elected to treat the transaction, in which this defendant's share was well known, as a sale of the property, and now they propose to recover from this defendant damages for the conversion by him of the very same property which they have already said they sold by virtue of the very transaction which they now claim amounted to a conversion of the property by this defendant. Why should the defendant not be permitted to set up such sale as a complete defense to this action? The plaintiffs have done nothing by reason of defendant's acts which should estop him from setting up this defense. Their situation has not since been altered for the worse by anything the defendant has done. If not, then the fact that the plaintiffs sold the property by virtue of the transaction which they now seek to treat as a conversion of it by this defendant must and ought to operate as a perfect bar to the maintenance of this action. And this is not in the least upon the principle of equitable estoppel. It is upon the principle that the plaintiffs, by their own free choice, decided to sell the property, and, having done so, it necessarily follows that they have no cause of action against defendant for an alleged conversion of the

same property by the same acts which they had already treated as amounting to a sale." Terry v. Munger, 121 N. Y. 161, 168, 24 N. E. 272 (8 L. R. A. 216, 18 Am. St. Rep. 803); Deitz v. Field, 10 App. Div. 429, 41 N. Y. Supp. 1087; Butler v. Hildreth, 5 Metc. (Mass.) 49.

The judgment of the court below is affirmed.

LACOMBE, Circuit Judge (dissenting). I am unable to concur with the majority of the court. It seems to me that a trustee in bankruptcy does not perform any act of election of which some debtor of the bankrupt can take advantage, merely because he fulfills his statutory duty to possess himself of all the property in bankrupt's possession at the time of the bankruptcy as promptly as he can. It is conceded that if the bankrupt had kept the $30,000 in a private safe in some deposit company, and, upon learning of the appointment of the trustee, had delivered it to the latter, receipt of it would not constitute an election, and I cannot see how the situation is changed by the circumstance that the bankrupt delivers it in obedience to an order to show cause, or turns over only part of it because he has squandered the remainder. It would seem to be a disastrous rule to apply that, whenever a trustee insists that a bankrupt shall turn over all the property in his possession, he thereby ratifies by election all sorts of transactions which the bankrupt may have had with the persons from whom he got the property; and I am not satisfied that the authorities cited require such an extension of the doctrine of election.